080288.1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SHARON CATINO,

                Plaintiff,

      v.

TOYOTA MOTOR CORPORATION, a foreign
corporation; TOYOTA MOTOR SALES, USA,
INC., a California corporation; TAKATA
CORPORATION, a foreign corporation; and TK
HOLDINGS INC., a Michigan corporation,

                Defendants.

```
FILED: MAY 22, 2008
08CV2997        TC
JUDGE DOW
MAGISTRATE JUDGE COLE
```

No.

### NOTICE OF REMOVAL

Defendants, TK HOLDINGS INC. ("TKH") and TOYOTA MOTOR SALES, U.S.A.

INC., ("TMS") by and through their attorneys in this regard, Mark H. Boyle, Charles S. Ofstein,

Victoria Dizik and DONOHUE BROWN MATHEWSON & SMYTH LLC, hereby remove this

case from the Circuit Court of Cook County, Illinois, to this Court. In support of its Notice of

Removal, these defendants state as follows:

      1.     TKH and TMS file this Notice of Removal pursuant to 28 U.S.C. §1332, 1441

and 1446. This Notice of Removal is being filed with this Court within 30 days of TKH's

receipt of a copy of the initial pleading setting forth a claim for relief upon which such

proceeding is based, as provided by 28 U.S.C. §1446(b).

      2.     Plaintiff Sharon Catino commenced this action in the Circuit Court of Cook

County, Illinois by filing her complaint on April 15, 2008. TKH was served with plaintiff's

complaint on April 25, 2008. TMS was served with Plaintiff's Complaint on May 9, 2008.

3.      TKH is, and was at the time this action was filed, a corporation incorporated under the laws of the State of Delaware with its principal places of business in Michigan and North Carolina.

4.      TMS is, and was at the time this action was filed, a California corporation with its principal place of business in that jurisdiction.

5.      Toyota Motor Corporation and Takata Corporation are both foreign corporations with their principal places of business in Japan.  These defendants have not been served.  They are, however, aware of this removal and consent to it.

6.      On information and belief, plaintiff is domiciled in Cook County, Illinois.  On information and belief, plaintiff is not domiciled in Delaware, Michigan, North Carolina, California or Japan.

7.      Plaintiff's complaint sounds in strict product liability and negligence.  As to each claim, plaintiff alleges "past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries" as damages. Based on this allegation, it is the moving defendants' good faith belief that there is at least one claim as to which the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Given the complete diversity of citizenship between the parties and the amount in controversy, this action may be removed to this Court pursuant to 28 U.S.C. §1332, 1442. Attached hereto as Exhibits A and B are copies of the summons and complaint served on TKH and TMS, respectively.   Plaintiff's motion to appoint a special process server and the Circuit

Court's order appointing special deputy are attached hereto as Exhibit C. These documents constitute all of the pleadings filed with the Circuit Court of Cook County, Illinois in this action.

9.      Attached hereto as Exhibit D is the "Notice of Filing Notice of Removal," contemporaneously filed with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE**, these defendants, TK HOLDINGS INC. and TOYOTA MOTOR SALES, U.S.A., INC., respectfully remove this action to this Court and request that this Court assume jurisdiction over the action and proceed to a final determination thereof.


Respectfully submitted,

TK HOLDINGS INC. and

TOYOTA MOTOR SALES, U.S.A., Inc.


s/Charles S. Ofstein
Mark H. Boyle (ARDC #6200934)
Charles S. Ofstein (ARDC #6280741)
Victoria Dizik (ARDC #6284122)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn, Suite 800
Chicago, IL 60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909

2120 - Served          2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail    2321 - Served By Mail
2420 - Served By Publication    2421 - Served By Publication
SUMMONS           ALIAS - SUMMONS          (Rev. 8/9/96) CCG-0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ DIVISION

**(Name all parties)**
SHARON CATINO,
                  Plaintiff(s),
TOYOTA MOTOR CORPORATION, a
Foreign Corporation; TOYOTA MOTOR
SALES, U.S.A., INC., a California
Corporation; TAKATA CORPORATION, a
Foreign Corporation; and TK HOLDINGS,
INC. a Michigan Corporation,
               Defendant(s).

2008L004110
CALENDAR ROOM F
TIME 09:00
Product Liability

No.    <u>SEE REVERSE</u>
<u>FIRST ORIGINAL DUPLICATE</u>

LEGAL SERVICES

MAY - 9 2008

GROUP RECEIVED

### SUMMONS

To each defendant:

     YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room*    801   , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

     This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

                                     APR 15 2008
WITNESS,.........................................,19 ....

ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.
            Plaintiff(s)                       Clerk of Court
Name           161 North Clark Street - 21st Floor
Attorney for    Chicago, IL 60601
Address        312/372-3822            Date of service: ...................,19 ....
City/Zip       35244                   (To be inserted by officer on copy left with
Telephone                                      defendant or other person)
Atty. No.
**Service by Facsimile Transmission will be accepted at: _____

                             (Area Code) (Facsimile Telephone Number)
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Law Division Room 801
  Chancery Division Room 802
  County Division Room 1202
  Probate Division Room 1202


EXHIBIT
A

**PLEASE SERVE THE FOLLOWING:**

TK HOLDINGS, INC.
a Michigan Corporation
CSC-Lawyers Incorporating Service, Reg. Agent
Serve Any Officer and/or Partner/Agent of the Company
601 Abbott Road
East Lansing, MI 48823

14377/DVO/rf          Attorney ID 35244
4-14-08

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
## COUNTY DEPARTMENT, LAW DIVISON

SHARON CATINO,                          )
                                        )        2008L004110
                Plaintiff(s),           )        CALENDAR/ROOM F
                                        )        TIME 00:00
v.                                      )        Product Liability
                                        )   *Case No.*
TOYOTA MOTOR CORPORATION, a             )
foreign corporation; TOYOTA MOTOR       )
SALES, U.S.A., INC., a California       )
Corporation; TAKATA CORPORATION, a      )
foreign corporation; TK HOLDINGS, INC. a)
Michigan Corporation,                   )
                                        )
                Defendant(s).           )

### COUNT I

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI,

OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of the Defendants. TOYOTA

MOTOR CORPORATION, a foreign corporation, and TOYOTA MOTOR SALES, U.S.A.,

INC., a California Corporation, and each of them, alleges as follows:

1.      That on October 12, 2006, the Plaintiff, SHARON CATINO, was a passenger in a

2000 Toyota 4runner being operated in a easterly direction on Interstate 88, at or near mile

marker 36.5, in the township of Coloma, County of Whiteside, and State of Illinois.

2.      Defendant Toyota Motor Corporation is and was at all times stated herein a

foreign corporation that has its principal place of business in Tokyo, Japan.  Toyota Motor

Corporation is organized and existing under the laws of Japan for the purposes of designing,

1

preparing, manufacturing advertising, distributing, supplying and/or selling a certain product and/or its appurtenances, commonly known as the 2000 Toyota 4runner that is the subject of this lawsuit. Toyota Motor Corporation did design, manufacture and market the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, that is the subject of this lawsuit. Toyota Motor Corporation is not organized or existing under the laws of Illinois or any state of the United States. Toyota Motor Corporation is subject to service of process pursuant to the dictates of the Hague Convention through the minister of foreign affairs, 2-2-1, Kasumigaseki, Chiwoda, Ku, Tokyo 100, Japan.

3.      Defendant Toyota Motor Sales, USA, Inc., is and was at all times stated herein a corporation organized and existing under the laws of the State of California with its principal place of business in Torrance California, and qualified to do business in the State of Illinois. Toyota Motor Sales, USA, Inc., is organized and existing under the laws of California for the purpose of designing, preparing, manufacturing, advertising, distributing, supplying and/or selling motor vehicles such as the 2000 Toyota 4runner that is the subject of this lawsuit. Toyota Motor Corporation did design, prepare, manufacture, advertise, distribute, supply and/or sell the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788 that is the subject of this lawsuit.

4.      On or about October 12, 2006, the 2000 Toyota 4runner that Plaintiff was a passenger in rolled several times, causing Plaintiff to suffer severe and permanent injuries. Plaintiff was properly wearing her available seat belt at all relevant times before and during the rollover.

5.      The 2000 Toyota 4runner was designed, tested, manufactured, assembled, marketed, sold and placed in the stream of commerce by Defendants, Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc., hereinafter referred to as Defendants.

2

6.    At all times material to this cause of action, Defendants were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing, distributing and selling motor vehicles, including the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, for use throughout the United States.

7.    Defendants designed, tested, approved, manufactured, assembled, supplied, marketed, distributed and sold the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, and its components, including, but not limited to the front seat belt system, front passenger seat, and occupant restraint system.

8.    At all times during the design, manufacture, distribution and customer usage of the vehicle in question, the Defendants, and each of them, had a duty to design, manufacture, assemble, supply, market distribute and sell a vehicle and all its component parts that was free from unreasonably dangerous defects.

9.    At the time the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design, marketing and manufacture.

10.    At the time the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design due to its defective and unreasonably dangerous and defective passenger restraint/seat belt system and due to its handling and stability defects which made it unreasonably prone to rollover during a foreseeable maneuver such as the one exercised in the vehicle in question on the date of the accident that is the subject of this lawsuit.

11.    The 2000 Toyota 4runner as designed and manufactured was defective and unreasonably dangerous in that it is susceptible to massive structural failure in the event of a

3

foreseeable rollover. The 2000 Toyota 4runner's occupant compartment, the seat belt restraint system, including but not limited to the seat belt system and seat system, was inadequate to reasonably protect occupants from foreseeable crash forces in a rollover accident.

12.    The 2000 Toyota 4runner's design failed to integrate its various components such as the side structures, roof structure, seat belt system, seats and related components, interior, and occupant compartment structure in such a way that would reasonably protect occupants in a rollover accident, despite the fact that Defendants, and each of them, were aware that these systems need to be designed to work together to protect occupants in a rollover accident.

13.    The 2000 Toyota 4runner's design failed to include electronic stability control that would reasonably protect occupants and prevent rollover accidents, despite the fact that Defendants, and each of them, were aware that this stability control system was necessary to protect occupants and prevent rollover accidents.

14.    The aforementioned dangerous conditions were a producing and proximate cause of the accident that is the subject of this suit, the injuries to and damages sustained by the Plaintiff.

15.    Aside from normal wear and tear, the 2000 Toyota 4runner that is the subject of this lawsuit was in the same defective condition at the time of the accident as when the Defendants, and each of them, designed, manufactured, sold and/or placed it into the stream of commerce.

16.    The 2000 Toyota 4runner was expected to reach and, in fact, did reach the user or consumer without substantial change in the condition in which it was sold.

17.    It was foreseeable to Defendants, and each of them, that the 2000 Toyota 4runner could and would be operated in such a manner that it would be involved in a rollover as occurred in the accident that is the subject of this lawsuit.

18.    A safer alternative design was economically and technologically feasible at the time the product left the control of Defendants that would have prevented or significantly reduced the risk of injury without substantially impairing the utility of said product.

19.    It was foreseeable to Defendants, and each of them, that occupants, such as Plaintiff, would sustain serious injuries during a rollover accident in which a 2000 Toyota 4runner experienced structural failure.

20.    Defendants, and each of them, are strictly liable to the Plaintiff for the injuries and damages caused by defects and inadequacies in the design and manufacture of the 2000 Toyota 4runner.

21.    At all times material to this cause of action, Defendants, and each of them, were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing, distributing, selling and supplying seat belt restraint systems, seats, occupant compartments, side window glass, and electronic stability control, for installation in motor vehicles, including the 2000 Toyota 4runner.

22.    Defendants, and each of them, designed, tested, approved, manufactured, marketed assembled, supplied, distributed, and sold the seat belt system, seats, occupant compartment, side window glass, and electronic stability control, in the 2000 Toyota 4runner that is the subject of this lawsuit.

23.    At the time the seat belt system of the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design, marketing and manufacture.

24.    At the time the seat belt system of the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design because it had a defective passenger seatbelt system, had tempered glass, and had a defective occupant compartment, which were a producing and proximate cause of the injuries to Plaintiff.

25.    The 2000 Toyota 4runner's front seat restraint systems, including their components such as the belt webbing, retractors, anchors, and anchor points, as well as the overall design and geometry of the systems, were inadequate to reasonably restrain and protect occupants when exposed to foreseeable crash forces in a rollover accident. More specifically, the seat belt system was subject to failure in a foreseeable rollover accident.

26.    The defective and unreasonably dangerous seat belt system was a producing and proximate cause of the injuries to Plaintiff.

27.    The defective and unreasonably dangerous seats, tempered glass, and occupant compartment were a producing and proximate cause of the injuries to the Plaintiff.

28.    The defective and unreasonably dangerous design of the 2000 Toyota 4runner, including but not limited to the failure to include electronic stability control, was a producing and proximate cause of the injuries to the Plaintiff.

29.    Aside from normal wear and tear, the seat belt system, seats, occupant compartment, and tempered glass, of the 2000 Toyota 4runner that is the subject of this lawsuit

6

were in the same defective condition at the time of the accident as when Defendants, and each of them, designed, manufactured, sold and/or placed into the stream of commerce.

30.     The seat belt system, seats, occupant compartment and tempered glass, of the 2000 Toyota 4runner was expected by Defendants, and each of them, to reach, and did reach, the user or consumer without substantial change to the condition in which it was sold.  Plaintiff was a person who reasonably would be expected to use the seat belt system, seats, and occupant compartment.

31.     It was foreseeable to Defendants, and each of them, that the seat belt system, seats, and occupant compartment of the 2000 Toyota 4runner could and would be operated in such a manner that it would be involved in a rollover as occurred in the accident that is the subject of this lawsuit.

32.     It was foreseeable to Defendants, and each of them, that occupants, such as Plaintiff, would sustain serious injuries during a rollover accident in which the seat belt system of a 2000 Toyota 4runner experienced structural failure.   The defective and unreasonably dangerous condition of the seat belt system, seats and occupant compartment, of the 2000 Toyota 4runner failed to adequately protect Plaintiff and directly and proximately caused her to sustain severe and permanent injuries and disfigurement, both externally and internally, disability and/or loss of a normal life, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer.  Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

7

33.    Defendants, and each of them, are strictly liable to the Plaintiff for injuries caused by defects and inadequacies in the design and/or manufacture of the 2000 4runner and its component parts, including but not limited to the seat belt system

34.    Prior to the date of the occurrence that is the subject of this lawsuit, Defedants introduced electronic stability control and/or vehicle stability control systems to enhance active safety.  This system is designed to prevent, and actually does prevent, the exact type of occurrence that Plaintiff suffered.

35.    The 2000 Toyota 4runner was defectively designed in that Toyota failed to incorporate an electronic stability control system and/or vehicle stability control system on the 2000 Toyota 4runner.  Had the 2000 Toyota 4runner been equipped with an electronic stability control system and/or vehicle stability control system, the incident that is the subject of this lawsuit would not have happened and Plaintiff would not have been injured.  The failure by Defendants to put an electronic stability control system and/or vehicle stability control system on the 2000 Toyota 4runner proximately caused Plaintiff's injuries and damages.

WHEREFORE, Plaintiff, SHARON CATINO, prays for judgment in her favor and against the Defendants, TOYOTA MOTOR CORPORATION, and TOYOTA MOTOR SALES, U.S.A., for past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of the Defendants. TOYOTA MOTOR CORPORATION, a foreign corporation, and TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation, and each of them, alleges as follows:

1.     That on and prior to October 12, 2006, Defendants TOYOTA MOTOR CORPORATION and TOYOTA MOTOR SALES, U.S.A., INC., were in the business of supplying motor vehicles for use on public roadways. Defendants held themselves out as having special expertise in the industry. As such, Defendants owed Plaintiff a duty to use reasonable care in the design, manufacture, preparation, testing, instructing and warnings surrounding the 2000 Toyota 4runner and its components. Defendants violated this duty by supplying a vehicle and components that were defective.

2.     Defendants had a duty to design the 2000 Toyota 4runner to ensure that essential structural components would not fail during foreseeable accidents.

3.     Defendants had a duty to design the 2000 Toyota 4runner to provide reasonable crashworthiness protections to occupants in the event of a rollover accident.

4.     Defendants had a duty to design and manufacture the 2000 Toyota 4runner with reasonable handling and stability mechanisms, including but not limited to electronic stability control.

5.     Defendants had a duty to design the seat belt system to provide reasonable protection to occupants in the event of a rollover accident, such as occupants involved in a 2000 Toyota 4runner rollover accident.

9

6.      Defendants negligently designed, tested, manufactured, marketed, distributed, sold and supplied the seat belt system and its components in that it failed to exercise reasonable care to prevent the seatbelt system and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner.

7.      Defendants breached their duty to design the seatbelt system to provide reasonable protection to occupants in a rollover accident, such as 2000 Toyota 4runner occupants involved in 2000 Toyota 4runner rollover accidents.

8.      Defendants negligently designed, tested, approved, manufactured, marketed, distributed and sold the 2000 Toyota 4runner and its components in that it failed to exercise reasonable care to prevent the 2000 Toyota 4runner and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected and reasonably foreseeable manner.

9.      The Defendants were negligent in that they:

(a)     Negligently designed the vehicle from a handling and stability standpoint;

(b)     Negligently failed to test the vehicle to ensure the design could withstand reasonably foreseeable steering inputs without having a propensity to suffer two wheel lift and rollover;

(c)     Failed to disclose known problems and defects concerning both the handling and stability defects as well as the defective roof structure;

(d)     Negligently marketed the vehicle as a safe passenger vehicle;

(e)     Failed to meet or exceed Internal Corporate Design Guidelines and internal acceptance criteria;

(f)     Negligently designed the vehicle from a marketing standpoint;

(g)     Failed to comply with applicable and necessary Federal Motor Vehicle

10

Safety Standards;

(h)     Failed to notify consumers as required by law that a defect exists in the vehicle as it relates to public safety;

(i)     Failed to recall the vehicle or alternatively, retrofit the vehicle to enhance safety;

(j)     Failed to design the roof of the 2000 Toyota 4runner that is the subject of this lawsuit to prevent occupants from being seriously injured during a foreseeable vehicle rollover;

(k)     Failed to design the seat belt system of the 2000 Toyota 4runner that is the subject of this lawsuit to prevent occupants from being seriously injured during a foreseeable vehicle rollover;

(l)     Placed the product on the market without adequate warnings about the dangers of the product;

(m)     Failed to adequately test the product to discover the dangerous manner of the product;

(n)     Failed to equip the vehicle that is the subject of this lawsuit with a passenger seat belt system that was not defective, a seat that would not bend or fail, electronic stability control/vehicle control system, and laminated glass, which Defendants knew or should have known would have prevented the injuries to Plaintiff;

(o)     Failed to equip the vehicle with a safe occupant restraint system which Defendants knew or should have known would have properly contained the Plaintiff's legs and body within the vehicle and prevented the injuries to Plaintiff;

(p)     Failed to equip the vehicle that is the subject of this lawsuit with electronic stability control when the Defendants knew or should have known that said system would have prevented the injuries to the Plaintiff;

(q)     Failed to take action to investigate and correct problems with the product after learning of its risk to cause serious bodily injuries;

10.     That on the aforesaid date, the aforesaid product and/or its appurtenances was in use on Interstate 88, mile marker 36.5, in the Township of Coloma, County of Whiteside, and State of Illinois.

11.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, the said product and/or its appurtenances improperly rolled, and failed to properly contain Plaintiff within the vehicle and failed to properly restrain the Plaintiff, thereby causing injuries to the Plaintiff as hereinafter mentioned.

12.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of the Defendants, and each of them, the Plaintiff then and there sustained severe and permanent injuries and disfigurement, both externally and internally, disability and/or loss of a normal life, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned.  Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer.  Plaintiff further expended and became liable for, and will expend and become liable for, medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SHARON CATINO, demands judgment against the Defendants, TOYOTA MOTOR CORPORATION, a Foreign Corporation; and TOYOTA MOTOR SALES, U.S.A., INC., a Corporation, and each of them, for past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

12

## COUNT III

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of the Defendants. TOYOTA MOTOR CORPORATION, a foreign corporation, and TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation, and each of them, alleges as follows:

1-12.    Plaintiff realleges and restates paragraphs 1 through 12 of Count II as and for paragraphs 1 through 12 of Count III as though fully set forth herein.

13.    At all relevant times herein, the 2000 Toyota 4runner that is the subject of this lawsuit had an implied warranty of merchantability and fitness.

14.    On or about October 12, 2006, and at all relevant times before, the Defendants breached their implied warranty of merchantability when it designed and manufactured the 2000 Toyota 4runner and that it was unfit for reasonable and ordinary use.

15.    As a direct and proximate result of the breach of warranty of merchantability and fitness, by Defendants, the 2000 Toyota 4runner rolled over and the Plaintiff suffered severe and permanent injuries, past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and other losses flowing from her injuries.

WHEREFORE, the Plaintiff, SHARON CATINO, demands judgment against the Defendants, TOYOTA MOTOR CORPORATION, a Foreign Corporation; and TOYOTA MOTOR SALES, U.S.A., INC., a Corporation, and each of them, for past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, in a dollar amount to satisfy the jurisdictional limitation of this

Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

**COUNT IV**

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of Defendants TAKATA CORPORATION, a foreign corporation, and TK HOLDINGS, INC., a Michigan Corporation, and each of them, alleges as follows:

1.    That on October 12, 2006, the Plaintiff, SHARON CATINO, was a passenger in a 2000 Toyota 4runner being operated in a easterly direction on Interstate 88, at or near mile marker 36.5, in the township of Coloma, County of Whiteside, and State of Illinois.

2.    Defendant Takata Corporation is and was at all times stated herein a foreign corporation that has its principal place of business in Tokyo, Japan. Takata Corporation is organized and existing under the laws of Japan for the purposes of designing, preparing, manufacturing, advertising, distributing, supplying and/or selling a certain product and or its appurtenances, commonly known as a passenger seat belt system and/or seat belt restraint system, which was installed in the 2000 Toyota 4runner that is the subject of this lawsuit. Takata Corporation did design, manufacture and market the passenger seat belt system and/or seat belt restraint system, installed within the 2000 Toyota 4runner that is the subject of this lawsuit. Takata Corporation is not organized or existing under the laws of Illinois or any state of the United States. Takata Corporation is subject to service of process pursuant to the dictates of the Hague Convention through the minister of foreign affairs, 2-2-1, Kasumigaseki, Chiwoda, Ku, Tokyo 100, Japan.

14

3.    Defendant TK Holdings, Inc., is and was at all times stated herein, a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Auburn Hills, Michigan, and qualified to do business in the State of Illinois. TK Holdings, Inc., is organized and existing under the laws of Michigan for the purpose of designing, preparing, manufacturing, advertising, distributing, supplying and/or selling a certain product and or its appurtenances, commonly known as a passenger seat belt system and/or seat belt restraint system, which was installed in the 2000 Toyota 4runner that is the subject of this lawsuit. TK Holdings, Inc., did design, manufacture and market the passenger seat belt system and/or seat belt restraint system installed within the 2000 Toyota 4runner that is the subject of this lawsuit.

4.    On or about October 12, 2006, the passenger seat belt system in question failed while the 2000 Toyota 4runner that Plaintiff was a passenger in rolled several times, causing Plaintiff to suffer severe and permanent injuries. Plaintiff was properly wearing the available seat and lap belt at all relevant times before and during the rollover.

5.    The passenger seat belt system and/or seat belt restraint system installed within the 2000 4runner in question was designed, tested, manufactured, assembled, marketed, sold and placed in the stream of commerce by Defendants, Takata Corporation and TK Holdings, Inc., hereinafter referred to as TAKATA and TK.

6.    At all times material to this cause of action, TAKATA and TK, and each of them, were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing, distributing and selling passenger seat belt systems and/or seat belt restraint systems, and its appurtenances, including the passenger seat belt system installed in the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, for use throughout the United States.

15

7.     TAKTATA and TK, and each of them, designed, tested, approved, manufactured, assembled, supplied, marketed, distributed and sold the passenger seat belt system and/or seat belt restraint system installed in the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, and its components, including, but not limited to the webbing, latches, buckles, and retractor system.

8.     At all times during the design, manufacture, distribution and customer usage of the passenger seat belt system and/or seat belt restraint system in question, TAKATA and TK, and each of them, had a duty to design, manufacture, assemble, supply, market distribute and sell a passenger seat belt and all its component parts that was free from unreasonably dangerous defects.

9.     At the time the passenger seat belt system in question was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, and each of them, it was defective and unreasonably dangerous in its design, marketing and manufacture.

10.     At the time the passenger seat belt system was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, and each of them, it was defective and unreasonably dangerous in its design due to its failure to properly keep the Plaintiff restrained and within the vehicle during the rollover in question.

11.     The TAKATA and TK passenger seat belt system was designed and manufactured such that it is susceptible to failure to restrain passengers and keep their bodies within the vehicle in the event of a foreseeable rollover. The TAKATA and TK passenger seat belt system and its component parts, was inadequate to reasonably protect occupants from foreseeable crash forces in a rollover accident.

16

12.    These defective and unreasonably dangerous conditions were a producing and proximate cause of the Plaintiff's legs not being contained within the vehicle in question, the injuries to and damages sustained by the Plaintiff.

13.    Aside from normal wear and tear, the TAKATA and TK passenger seat belt system that is the subject of this lawsuit was in the same defective condition at the time of the accident as when TAKATA and TK designed, manufactured, sold and/or placed it into the stream of commerce.

14.    The TAKATA and TK passenger seat belt system that was installed in the aforesaid 2000 Toyota 4runner was expected to reach and, in fact, did reach the user or consumer without substantial change in the condition in which it was sold.

15.    It was foreseeable to TAKATA and TK that the passenger seat belt system installed within the aforesaid 2000 Toyota 4runner could and would be utilized during a rollover as occurred in the accident that is the subject of this lawsuit.

16.    It was foreseeable to TAKATA and TK that passengers, such as Plaintiff, would sustain serious injuries during a rollover accident in which a TAKATA and TK passenger seat belt system would fail to properly restrain a passenger and keep the person contained within the vehicle.

17.    TAKATA and TK are strictly liable to the Plaintiff for the injuries and damages caused by defects and inadequacies in the design and manufacture of the passenger seat belt system installed within the aforesaid Toyota 4runner.

18.    At all times material to this cause of action, TAKATA and TK were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing,

17

distributing, selling and supplying passenger seat belt systems and/or seat belt restraint systems for installation in motor vehicles, including the 2000 Toyota 4runner.

19.    TAKATA and TK, and each of them, designed, tested, approved, manufactured, marketed assembled, supplied, distributed, and sold the passenger seat belt system and/or seat belt restraint system contained within the 2000 Toyota 4runner that is the subject of this lawsuit.

20.    At the time the TAKATA and TK passenger seat belt system and/or seat belt restraint system installed within the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, it was defective and unreasonably dangerous in its design, marketing and manufacture.

21.    At the time the passenger seat belt system and/or seat belt restraint system of the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, it was defective and unreasonably dangerous in its design because it failed to properly protect the Plaintiff in the vehicle, which was a producing and proximate cause of the injuries to Plaintiff.

22.    The TAKATA and TK passenger seat belt system and/or seat belt restraint system installed in the aforesaid 2000 Toyota 4runner's, including its components such as the belt webbing, retractors, anchors, and anchor points, as well as the overall design and geometry of the systems, were inadequate to reasonably restrain and protect occupants when exposed to foreseeable crash forces in a rollover accident.  More specifically, the passenger seat belt system and/or seat belt restraint system was subject to failure in a foreseeable rollover accident.

23.    The defective and unreasonably dangerous passenger seat belt system and/or seat belt restraint system was a producing and proximate cause of the injuries to Plaintiff.

24.    The passenger seat belt system and/or seat belt restraint system installed within the aforesaid 2000 Toyota 4runner was expected by TAKATA and TK to reach, and did reach, the user or consumer without substantial change to the condition in which it was sold.  Plaintiff was a person who reasonably would be expected to use the passenger seat belt system and/or seat belt restraint system.

25.    It was foreseeable to TAKATA and TK, and each of them, that the passenger seat belt system and/or seat belt restraint system installed in the aforesaid 2000 Toyota 4runner could and would be operated in such a manner that it would be involved in a rollover  as occurred in the accident that is the subject of this lawsuit.

26.    It was foreseeable to TAKATA and TK that occupants, such as Plaintiff, would sustain serious injuries during a rollover accident in which the passenger seat belt system and/or seat belt restraint system installed within the aforesaid 2000 Toyota 4runner would fail.  The defective and unreasonably dangerous condition of the passenger seat belt system and/or seat belt restraint system installed within the aforesaid 2000 Toyota 4runner failed to adequately protect Plaintiff and directly and proximately caused her to sustain severe and permanent injuries and disfigurement, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned.  Plaintiff also suffered great pain and anguish, both in mind and body, and disability and/or loss of a normal life, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

27.    TAKATA and TK, and each of them, are strictly liable to the Plaintiff for injuries caused by defects and inadequacies in the design and/or manufacture of the passenger seat belt system and/or seat belt restraint system.

WHEREFORE, Plaintiff, SHARON CATINO, prays for judgment in her favor and against the Defendants, TAKATA CORPORATION and TK HOLDINGS, INC., for past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, and any other relief the Court deems appropriate.

## COUNT V

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of Defendants TAKATA CORPORATION, a foreign corporation, and TK HOLDINGS, INC., a Michigan Corporation, and each of them, alleges as follows:

1.    That on and prior to October 12, 2006, Defendants TAKATA CORPORATION and TK HOLDINGS, INC., (hereinafter referred to as TAKATA and TK), were in the business of supplying passenger seat belt systems and or seat belt restraint systems, for motor vehicles. TAKATA and TK, and each of them, held themselves out as having special expertise in the industry. As such, TAKATA and TK, and each of them, owed Plaintiff a duty to use reasonable care in the design, manufacture, preparation, testing, instructing and warnings surrounding passenger seat belt systems and/or seat belt restraint systems, and their components. TAKATA

20

and TK, and each of them, violated this duty by supplying a passenger seat belt system and/or seat belt restraint system that was defective.

2.    TAKATA and TK, and each of them, had a duty to design their passenger seat belt systems and/or seat belt restraint systems to ensure that it would not fail during foreseeable accidents.

3.    TAKATA and TK, and each of them, had a duty to design its passenger seat belt systems and/or seat belt restraint systems to provide reasonable protections to occupants in the event of a rollover accident, such as occupants involved in a 2000 Toyota 4runner rollover accident.

4.    TAKATA and TK, and each of them, negligently designed, tested, manufactured, marketed, distributed, sold and supplied the passenger seat belt system and/or seat belt restraint system, and its components in that it failed to exercise reasonable care to prevent the passenger seat belt system and/or seat belt restraint system, and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner.

5.    TAKATA and TK, and each of them, breached its duty to design the passenger seat belt system and/or seat belt restraint system to provide reasonable protection to occupants in a rollover accident, such as 2000 Toyota 4runner occupants involved in 2000 Toyota 4runner rollover accidents.

6.    TAKATA and TK, and each of them, negligently designed, tested, approved, manufactured, marketed, distributed and sold the passenger seat belt system and/or seat belt restraint system, and its components, installed in the vehicle in question, in that they failed to exercise reasonable care to prevent the passenger seat belt system and/or seat belt restraint

21

system, and its components, from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected and reasonably foreseeable manner.

      7.     TAKATA and TK, and each of them, were negligent in that it:

    (a)    Negligently designed the passenger seat belt system;

    (b)    Failed to disclose known problems and defects concerning the failure of the passenger seat belt system to contain passengers within the vehicle during a rollover accident;

    (c)    Negligently marketed the passenger seat belt system and/or seat belt restraint system as a safe seat belt system;

    (d)    Failed to meet or exceed Internal Corporate Design Guidelines and internal acceptance criteria;

    (e)    Negligently designed the passenger seat belt system and/or seat belt restraint system from a marketing standpoint;

    (f)    Failed to comply with applicable and necessary Federal Motor Vehicle Safety Standards;

    (g)    Failed to notify consumers as required by law that a defect exists in the passenger seat belt system and/or seat belt restraint system as it relates to public safety;

    (h)    Failed to design the passenger seat belt system and/or seat belt restraint system to prevent occupants from being seriously injured during a foreseeable vehicle rollover;

    (i)    Placed the product on the market without adequate warnings about the dangers of the product;

    (j)    Failed to adequately test the product to discover the dangerous manner of the product;

    (k)    Failed to take action to investigate and correct problems with the product after learning of its risk to cause serious bodily injuries'

    (l)    Failed to design the passenger seat belt system and/or seat belt restraint system to prevent occupants such as the Plaintiff from having their legs and body removed from the vehicle;

22

(m)  Negligently provided a passenger seat belt system and/or seat belt restraint system that did not properly restrain passengers during a foreseeable rollover, when the Defendants knew or should have known it would have prevented the injuries to Plaintiff;

(n)  Negligently provided a passenger seat belt system and/or seat belt restraint system that allowed the Plaintiff's legs to leave the vehicle during a foreseeable rollover.

8.     That on the aforesaid date, the aforesaid product and/or its appurtenances was in use on Interstate 88, mile marker 36.5, in the Township of Coloma, County of Whiteside, and State of Illinois.

9.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, the said product and/or its appurtenances improperly failed to restrain and contain Plaintiff within the vehicle during a foreseeable rollover, thereby causing injuries to the Plaintiff as hereinafter mentioned.

10.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of TAKATA and TK, and each of them, the Plaintiff then and there sustained severe and permanent injuries and disfigurement, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned.  Plaintiff also suffered great pain and anguish, both in mind and body, and disability and/or loss of a normal life, and will in the future continue to suffer.  Plaintiff further expended and became liable for, and will expend and become liable for, medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SHARON CATINO, demands judgment against the Defendants, TAKATA CORPORATION and TK HOLDINGS, INC., a Corporation, and each of them, for past and future pain and suffering, both in mind and body, past and future disability

23

and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VI

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of Defendants TAKATA CORPORATION, a foreign corporation, and TK HOLDINGS, INC., a Michigan Corporation, and each of them, alleges as follows:

1-11.  Plaintiff realleges and restates paragraphs 1 through 11 of Count V as and for paragraphs 1 through 11 of Count VI as though fully set forth herein.

12.    At all relevant times herein, the TAKATA and TK passenger seat belt system and/or seat belt restraint system that is the subject of this lawsuit had an implied warranty of merchantability and fitness.

13.    On or about October 12, 2006, and at all relevant times before, TAKATA and TK, and each of them, breached their implied warranty of merchantability  when it designed and manufactured the passenger seat belt system and/or seat belt restraint system installed within the 2000 Toyota 4runner in that it was unfit for reasonable and ordinary use.

14.    As a direct and proximate result of the breach of warranty of merchantability and fitness, by TAKATA and TK and each of them, the passenger seat belt system and/or seat belt restraint system installed within the 2000 Toyota 4runner, failed, and did not restrain or keep Plaintiff's body properly within the vehicle in question during a roll over, and the Plaintiff

24

suffered severe and permanent injuries, past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and other losses flowing from her injuries.

WHEREFORE, the Plaintiff, SHARON CATINO, demands judgment against the Defendants, TAKATA CORPORATION and TK HOLDINGS, INC., a Corporation, and each of them, for past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

_____
Attorneys for Plaintiff(s)

Daniel V. O'Connor
Steven W. Burrows
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL  60601
312/372-3822

25

14377/DVO/rf          Attorney ID 35244
4-14-08

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
## COUNTY DEPARTMENT, LAW DIVISON

SHARON CATINO,                                )
                     Plaintiff(s),    )
                                )
v.                                            )
                                )    *Case No.*
TOYOTA MOTOR CORPORATION, a                   )
foreign corporation, et al,                   )
                   Defendant(s).    )

### AFFIDAVIT

I, Daniel V. O'Connor, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1.     That I am an attorney at law licensed to practice in the State of Illinois.

2.     That I am a Partner with the law firm of ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., attorneys of record for the Plaintiff, Sharon Catino.

3.     That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4.     That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

     FURTHER, Affiant sayeth not.

_____
               Daniel V. O'Connor

SUBSCRIBED AND SWORN TO
before me this 15th day
of April                2008.

_____
   Notary Public

```
"O F F I C I A L   S E A L"
ROSEMARY ANN FLYNN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/3/2009
```

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev. 8/9/96) CCG-0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ DIVISION

**(Name all parties)**

SHARON CATINO,

Plaintiff(s),

TOYOTA MOTOR CORPORATION, a
Foreign Corporation; TOYOTA MOTOR
SALES, U.S.A., INC., a California
Corporation; TAKATA CORPORATION, a
Foreign Corporation; and TK HOLDINGS,
INC. a Michigan Corporation,

Defendant(s).

No.    SEE REVERSE



## SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801 , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

APR 15 2008

WITNESS, . . . . . . . . . . . . . . . . . . . . . . . . . . ., 19 . . . .

**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**

Plaintiff(s)

Name
Attorney for        161 North Clark Street - 21st Floor
Address             Chicago, IL 60601
City/Zip            312/372-3822
Telephone           35244
Atty. No.

Clerk of Court

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service: . . . . . . . . . . . . . . . . . . . . . .,19 . . . .
(To be inserted by officer on copy left with defendant or other person)

SEAL

**Service by Facsimile Transmission will be accepted at:** _____

(Area Code) (Facsimile Telephone Number)

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

* Law Division  Room 801
  Chancery Division  Room 802
  County Division  Room 1202
  Probate Division  Room 1202



EXHIBIT
B

14377/DVO/rf          Attorney ID 35244
4-14-08

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
## COUNTY DEPARTMENT, LAW DIVISON

SHARON CATINO,                          )
                                        )
              Plaintiff(s),             )
                                        )
v.                                      )          *Case No.*
                                        )
TOYOTA MOTOR CORPORATION, a             )
foreign corporation; TOYOTA MOTOR       )
SALES, U.S.A., INC., a California       )
Corporation; TAKATA CORPORATION, a      )
foreign corporation; TK HOLDINGS, INC. a )
Michigan Corporation,                   )
                                        )
              Defendant(s).             )

```
2008L004110
CALENDAR/ROOM F
TIME 00:00
Product Liability
```

### COUNT I

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI,

OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of the Defendants. TOYOTA

MOTOR CORPORATION, a foreign corporation, and TOYOTA MOTOR SALES, U.S.A.,

INC., a California Corporation, and each of them, alleges as follows:

1.      That on October 12, 2006, the Plaintiff, SHARON CATINO, was a passenger in a

2000 Toyota 4runner being operated in a easterly direction on Interstate 88, at or near mile

marker 36.5, in the township of Coloma, County of Whiteside, and State of Illinois.

2.      Defendant Toyota Motor Corporation is and was at all times stated herein a

foreign corporation that has its principal place of business in Tokyo, Japan.  Toyota Motor

Corporation is organized and existing under the laws of Japan for the purposes of designing,

1

preparing, manufacturing advertising, distributing, supplying and/or selling a certain product and/or its appurtenances, commonly known as the 2000 Toyota 4runner that is the subject of this lawsuit. Toyota Motor Corporation did design, manufacture and market the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, that is the subject of this lawsuit. Toyota Motor Corporation is not organized or existing under the laws of Illinois or any state of the United States. Toyota Motor Corporation is subject to service of process pursuant to the dictates of the Hague Convention through the minister of foreign affairs, 2-2-1, Kasumigaseki, Chiwoda, Ku, Tokyo 100, Japan.

3.      Defendant Toyota Motor Sales, USA, Inc., is and was at all times stated herein a corporation organized and existing under the laws of the State of California with its principal place of business in Torrance California, and qualified to do business in the State of Illinois. Toyota Motor Sales, USA, Inc., is organized and existing under the laws of California for the purpose of designing, preparing, manufacturing, advertising, distributing, supplying and/or selling motor vehicles such as the 2000 Toyota 4runner that is the subject of this lawsuit. Toyota Motor Corporation did design, prepare, manufacture, advertise, distribute, supply and/or sell the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788 that is the subject of this lawsuit.

4.      On or about October 12, 2006, the 2000 Toyota 4runner that Plaintiff was a passenger in rolled several times, causing Plaintiff to suffer severe and permanent injuries. Plaintiff was properly wearing her available seat belt at all relevant times before and during the rollover.

5.      The 2000 Toyota 4runner was designed, tested, manufactured, assembled, marketed, sold and placed in the stream of commerce by Defendants, Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc., hereinafter referred to as Defendants.

2

6.      At all times material to this cause of action, Defendants were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing, distributing and selling motor vehicles, including the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, for use throughout the United States.

7.      Defendants designed, tested, approved, manufactured, assembled, supplied, marketed, distributed and sold the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, and its components, including, but not limited to the front seat belt system, front passenger seat, and occupant restraint system.

8.      At all times during the design, manufacture, distribution and customer usage of the vehicle in question, the Defendants, and each of them, had a duty to design, manufacture, assemble, supply, market distribute and sell a vehicle and all its component parts that was free from unreasonably dangerous defects.

9.      At the time the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design, marketing and manufacture.

10.      At the time the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design due to its defective and unreasonably dangerous and defective passenger restraint/seat belt system and due to its handling and stability defects which made it unreasonably prone to rollover during a foreseeable maneuver such as the one exercised in the vehicle in question on the date of the accident that is the subject of this lawsuit.

11.      The 2000 Toyota 4runner as designed and manufactured was defective and unreasonably dangerous in that it is susceptible to massive structural failure in the event of a

3

foreseeable rollover. The 2000 Toyota 4runner's occupant compartment, the seat belt restraint system, including but not limited to the seat belt system and seat system, was inadequate to reasonably protect occupants from foreseeable crash forces in a rollover accident.

12.    The 2000 Toyota 4runner's design failed to integrate its various components such as the side structures, roof structure, seat belt system, seats and related components, interior, and occupant compartment structure in such a way that would reasonably protect occupants in a rollover accident, despite the fact that Defendants, and each of them, were aware that these systems need to be designed to work together to protect occupants in a rollover accident.

13.    The 2000 Toyota 4runner's design failed to include electronic stability control that would reasonably protect occupants and prevent rollover accidents, despite the fact that Defendants, and each of them, were aware that this stability control system was necessary to protect occupants and prevent rollover accidents.

14.    The aforementioned dangerous conditions were a producing and proximate cause of the accident that is the subject of this suit, the injuries to and damages sustained by the Plaintiff.

15.    Aside from normal wear and tear, the 2000 Toyota 4runner that is the subject of this lawsuit was in the same defective condition at the time of the accident as when the Defendants, and each of them, designed, manufactured, sold and/or placed it into the stream of commerce.

16.    The 2000 Toyota 4runner was expected to reach and, in fact, did reach the user or consumer without substantial change in the condition in which it was sold.

4

17.    It was foreseeable to Defendants, and each of them, that the 2000 Toyota 4runner could and would be operated in such a manner that it would be involved in a rollover as occurred in the accident that is the subject of this lawsuit.

18.    A safer alternative design was economically and technologically feasible at the time the product left the control of Defendants that would have prevented or significantly reduced the risk of injury without substantially impairing the utility of said product.

19.    It was foreseeable to Defendants, and each of them, that occupants, such as Plaintiff, would sustain serious injuries during a rollover accident in which a 2000 Toyota 4runner experienced structural failure.

20.    Defendants, and each of them, are strictly liable to the Plaintiff for the injuries and damages caused by defects and inadequacies in the design and manufacture of the 2000 Toyota 4runner.

21.    At all times material to this cause of action, Defendants, and each of them, were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing, distributing, selling and supplying seat belt restraint systems, seats, occupant compartments, side window glass, and electronic stability control, for installation in motor vehicles, including the 2000 Toyota 4runner.

22.    Defendants, and each of them, designed, tested, approved, manufactured, marketed assembled, supplied, distributed, and sold the seat belt system, seats, occupant compartment, side window glass, and electronic stability control, in the 2000 Toyota 4runner that is the subject of this lawsuit.

23.    At the time the seat belt system of the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design, marketing and manufacture.

24.    At the time the seat belt system of the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design because it had a defective passenger seatbelt system, had tempered glass, and had a defective occupant compartment, which were a producing and proximate cause of the injuries to Plaintiff.

25.    The 2000 Toyota 4runner's front seat restraint systems, including their components such as the belt webbing, retractors, anchors, and anchor points, as well as the overall design and geometry of the systems, were inadequate to reasonably restrain and protect occupants when exposed to foreseeable crash forces in a rollover accident.  More specifically, the seat belt system was subject to failure in a foreseeable rollover accident.

26.    The defective and unreasonably dangerous seat belt system was a producing and proximate cause of the injuries to Plaintiff.

27.    The defective and unreasonably dangerous seats, tempered glass, and occupant compartment were a producing and proximate cause of the injuries to the Plaintiff.

28.    The defective and unreasonably dangerous design of the 2000 Toyota 4runner, including but not limited to the failure to include electronic stability control, was a producing and proximate cause of the injuries to the Plaintiff.

29.    Aside from normal wear and tear, the seat belt system, seats, occupant compartment, and tempered glass, of the 2000 Toyota 4runner that is the subject of this lawsuit

6

were in the same defective condition at the time of the accident as when Defendants, and each of them, designed, manufactured, sold and/or placed into the stream of commerce.

30.    The seat belt system, seats, occupant compartment and tempered glass, of the 2000 Toyota 4runner was expected by Defendants, and each of them, to reach, and did reach, the user or consumer without substantial change to the condition in which it was sold.  Plaintiff was a person who reasonably would be expected to use the seat belt system, seats, and occupant compartment.

31.    It was foreseeable to Defendants, and each of them, that the seat belt system, seats, and occupant compartment of the 2000 Toyota 4runner could and would be operated in such a manner that it would be involved in a rollover as occurred in the accident that is the subject of this lawsuit.

32.    It was foreseeable to Defendants, and each of them, that occupants, such as Plaintiff, would sustain serious injuries during a rollover accident in which the seat belt system of a 2000 Toyota 4runner experienced structural failure.   The defective and unreasonably dangerous condition of the seat belt system, seats and occupant compartment, of the 2000 Toyota 4runner failed to adequately protect Plaintiff and directly and proximately caused her to sustain severe and permanent injuries and disfigurement, both externally and internally, disability and/or loss of a normal life, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer.  Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

33.   Defendants, and each of them, are strictly liable to the Plaintiff for injuries caused by defects and inadequacies in the design and/or manufacture of the 2000 4runner and its component parts, including but not limited to the seat belt system

34.   Prior to the date of the occurrence that is the subject of this lawsuit, Defedants introduced electronic stability control and/or vehicle stability control systems to enhance active safety.   This system is designed to prevent, and actually does prevent, the exact type of occurrence that Plaintiff suffered.

35.   The 2000 Toyota 4runner was defectively designed in that Toyota failed to incorporate an electronic stability control system and/or vehicle stability control system on the 2000 Toyota 4runner.   Had the 2000 Toyota 4runner been equipped with an electronic stability control system and/or vehicle stability control system, the incident that is the subject of this lawsuit would not have happened and Plaintiff would not have been injured.   The failure by Defendants to put an electronic stability control system and/or vehicle stability control system on the 2000 Toyota 4runner proximately caused Plaintiff's injuries and damages.

WHEREFORE, Plaintiff, SHARON CATINO, prays for judgment in her favor and against the Defendants, TOYOTA MOTOR CORPORATION, and TOYOTA MOTOR SALES, U.S.A., for past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

8

## COUNT II

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of the Defendants. TOYOTA MOTOR CORPORATION, a foreign corporation, and TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation, and each of them, alleges as follows:

1.      That on and prior to October 12, 2006, Defendants TOYOTA MOTOR CORPORATION and TOYOTA MOTOR SALES, U.S.A., INC., were in the business of supplying motor vehicles for use on public roadways.  Defendants held themselves out as having special expertise in the industry.  As such, Defendants owed Plaintiff a duty to use reasonable care in the design, manufacture, preparation, testing, instructing and warnings surrounding the 2000 Toyota 4runner and its components.  Defendants violated this duty by supplying a vehicle and components that were defective.

2.      Defendants had a duty to design the 2000 Toyota 4runner to ensure that essential structural components would not fail during foreseeable accidents.

3.      Defendants had a duty to design the 2000 Toyota 4runner to provide reasonable crashworthiness protections to occupants in the event of a rollover accident.

4.      Defendants had a duty to design and manufacture the 2000 Toyota 4runner with reasonable handling and stability mechanisms, including but not limited to electronic stability control.

5.      Defendants had a duty to design the seat belt system to provide reasonable protection to occupants in the event of a rollover accident, such as occupants involved in a 2000 Toyota 4runner rollover accident.

9

6.      Defendants negligently designed, tested, manufactured, marketed, distributed, sold and supplied the seat belt system and its components in that it failed to exercise reasonable care to prevent the seatbelt system and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner.

7.      Defendants breached their duty to design the seatbelt system to provide reasonable protection to occupants in a rollover accident, such as 2000 Toyota 4runner occupants involved in 2000 Toyota 4runner rollover accidents.

8.      Defendants negligently designed, tested, approved, manufactured, marketed, distributed and sold the 2000 Toyota 4runner and its components in that it failed to exercise reasonable care to prevent the 2000 Toyota 4runner and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected and reasonably foreseeable manner.

9.      The Defendants were negligent in that they:

(a)     Negligently designed the vehicle from a handling and stability standpoint;

(b)     Negligently failed to test the vehicle to ensure the design could withstand reasonably foreseeable steering inputs without having a propensity to suffer two wheel lift and rollover;

(c)     Failed to disclose known problems and defects concerning both the handling and stability defects as well as the defective roof structure;

(d)     Negligently marketed the vehicle as a safe passenger vehicle;

(e)     Failed to meet or exceed Internal Corporate Design Guidelines and internal acceptance criteria;

(f)     Negligently designed the vehicle from a marketing standpoint;

(g)     Failed to comply with applicable and necessary Federal Motor Vehicle

10

Safety Standards;

(h)    Failed to notify consumers as required by law that a defect exists in the vehicle as it relates to public safety;

(i)    Failed to recall the vehicle or alternatively, retrofit the vehicle to enhance safety;

(j)    Failed to design the roof of the 2000 Toyota 4runner that is the subject of this lawsuit to prevent occupants from being seriously injured during a foreseeable vehicle rollover;

(k)    Failed to design the seat belt system of the 2000 Toyota 4runner that is the subject of this lawsuit to prevent occupants from being seriously injured during a foreseeable vehicle rollover;

(l)    Placed the product on the market without adequate warnings about the dangers of the product;

(m)    Failed to adequately test the product to discover the dangerous manner of the product;

(n)    Failed to equip the vehicle that is the subject of this lawsuit with a passenger seat belt system that was not defective, a seat that would not bend or fail, electronic stability control/vehicle control system, and laminated glass, which Defendants knew or should have known would have prevented the injuries to Plaintiff;

(o)    Failed to equip the vehicle with a safe occupant restraint system which Defendants knew or should have known would have properly contained the Plaintiff's legs and body within the vehicle and prevented the injuries to Plaintiff;

(p)    Failed to equip the vehicle that is the subject of this lawsuit with electronic stability control when the Defendants knew or should have known that said system would have prevented the injuries to the Plaintiff;

(q)    Failed to take action to investigate and correct problems with the product after learning of its risk to cause serious bodily injuries;

10.    That on the aforesaid date, the aforesaid product and/or its appurtenances was in use on Interstate 88, mile marker 36.5, in the Township of Coloma, County of Whiteside, and State of Illinois.

11

11.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, the said product and/or its appurtenances improperly rolled, and failed to properly contain Plaintiff within the vehicle and failed to properly restrain the Plaintiff, thereby causing injuries to the Plaintiff as hereinafter mentioned.

12.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of the Defendants, and each of them, the Plaintiff then and there sustained severe and permanent injuries and disfigurement, both externally and internally, disability and/or loss of a normal life, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SHARON CATINO, demands judgment against the Defendants, TOYOTA MOTOR CORPORATION, a Foreign Corporation; and TOYOTA MOTOR SALES, U.S.A., INC., a Corporation, and each of them, for past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

12

## COUNT III

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of the Defendants. TOYOTA MOTOR CORPORATION, a foreign corporation, and TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation, and each of them, alleges as follows:

1-12.   Plaintiff realleges and restates paragraphs 1 through 12 of Count II as and for paragraphs 1 through 12 of Count III as though fully set forth herein.

13.    At all relevant times herein, the 2000 Toyota 4runner that is the subject of this lawsuit had an implied warranty of merchantability and fitness.

14.    On or about October 12, 2006, and at all relevant times before, the Defendants breached their implied warranty of merchantability when it designed and manufactured the 2000 Toyota 4runner and that it was unfit for reasonable and ordinary use.

15.    As a direct and proximate result of the breach of warranty of merchantability and fitness, by Defendants, the 2000 Toyota 4runner rolled over and the Plaintiff suffered severe and permanent injuries, past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and other losses flowing from her injuries.

WHEREFORE, the Plaintiff, SHARON CATINO, demands judgment against the Defendants, TOYOTA MOTOR CORPORATION, a Foreign Corporation; and TOYOTA MOTOR SALES, U.S.A., INC., a Corporation, and each of them, for past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, in a dollar amount to satisfy the jurisdictional limitation of this

Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT IV

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of Defendants TAKATA CORPORATION, a foreign corporation, and TK HOLDINGS, INC., a Michigan Corporation, and each of them, alleges as follows:

1.    That on October 12, 2006, the Plaintiff, SHARON CATINO, was a passenger in a 2000 Toyota 4runner being operated in a easterly direction on Interstate 88, at or near mile marker 36.5, in the township of Coloma, County of Whiteside, and State of Illinois.

2.    Defendant Takata Corporation is and was at all times stated herein a foreign corporation that has its principal place of business in Tokyo, Japan.  Takata Corporation is organized and existing under the laws of Japan for the purposes of designing, preparing, manufacturing, advertising, distributing, supplying and/or selling a certain product and or its appurtenances, commonly known as a passenger seat belt system and/or seat belt restraint system, which was installed in the 2000 Toyota 4runner that is the subject of this lawsuit.  Takata Corporation did design, manufacture and market the passenger seat belt system and/or seat belt restraint system, installed within the 2000 Toyota 4runner that is the subject of this lawsuit. Takata Corporation is not organized or existing under the laws of Illinois or any state of the United States.  Takata Corporation is subject to service of process pursuant to the dictates of the Hague Convention through the minister of foreign affairs, 2-2-1, Kasumigaseki, Chiwoda, Ku, Tokyo 100, Japan.

14

3.    Defendant TK Holdings, Inc., is and was at all times stated herein, a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Auburn Hills, Michigan, and qualified to do business in the State of Illinois. TK Holdings, Inc., is organized and existing under the laws of Michigan for the purpose of designing, preparing, manufacturing, advertising, distributing, supplying and/or selling a certain product and or its appurtenances, commonly known as a passenger seat belt system and/or seat belt restraint system, which was installed in the 2000 Toyota 4runner that is the subject of this lawsuit. TK Holdings, Inc., did design, manufacture and market the passenger seat belt system and/or seat belt restraint system installed within the 2000 Toyota 4runner that is the subject of this lawsuit.

4.    On or about October 12, 2006, the passenger seat belt system in question failed while the 2000 Toyota 4runner that Plaintiff was a passenger in rolled several times, causing Plaintiff to suffer severe and permanent injuries. Plaintiff was properly wearing the available seat and lap belt at all relevant times before and during the rollover.

5.    The passenger seat belt system and/or seat belt restraint system installed within the 2000 4runner in question was designed, tested, manufactured, assembled, marketed, sold and placed in the stream of commerce by Defendants, Takata Corporation and TK Holdings, Inc., hereinafter referred to as TAKATA and TK.

6.    At all times material to this cause of action, TAKATA and TK, and each of them, were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing, distributing and selling passenger seat belt systems and/or seat belt restraint systems, and its appurtenances, including the passenger seat belt system installed in the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, for use throughout the United States.

15

7.    TAKTATA and TK, and each of them, designed, tested, approved, manufactured, assembled, supplied, marketed, distributed and sold the passenger seat belt system and/or seat belt restraint system installed in the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, and its components, including, but not limited to the webbing, latches, buckles, and retractor system.

8.    At all times during the design, manufacture, distribution and customer usage of the passenger seat belt system and/or seat belt restraint system in question, TAKATA and TK, and each of them, had a duty to design, manufacture, assemble, supply, market distribute and sell a passenger seat belt and all its component parts that was free from unreasonably dangerous defects.

9.    At the time the passenger seat belt system in question was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, and each of them, it was defective and unreasonably dangerous in its design, marketing and manufacture.

10.    At the time the passenger seat belt system was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, and each of them, it was defective and unreasonably dangerous in its design due to its failure to properly keep the Plaintiff restrained and within the vehicle during the rollover in question.

11.    The TAKATA and TK passenger seat belt system was designed and manufactured such that it is susceptible to failure to restrain passengers and keep their bodies within the vehicle in the event of a foreseeable rollover. The TAKATA and TK passenger seat belt system and its component parts, was inadequate to reasonably protect occupants from foreseeable crash forces in a rollover accident.

16

12.    These defective and unreasonably dangerous conditions were a producing and proximate cause of the Plaintiff's legs not being contained within the vehicle in question, the injuries to and damages sustained by the Plaintiff.

13.    Aside from normal wear and tear, the TAKATA and TK passenger seat belt system that is the subject of this lawsuit was in the same defective condition at the time of the accident as when TAKATA and TK designed, manufactured, sold and/or placed it into the stream of commerce.

14.    The TAKATA and TK passenger seat belt system that was installed in the aforesaid 2000 Toyota 4runner was expected to reach and, in fact, did reach the user or consumer without substantial change in the condition in which it was sold.

15.    It was foreseeable to TAKATA and TK that the passenger seat belt system installed within the aforesaid 2000 Toyota 4runner could and would be utilized during a rollover as occurred in the accident that is the subject of this lawsuit.

16.    It was foreseeable to TAKATA and TK that passengers, such as Plaintiff, would sustain serious injuries during a rollover accident in which a TAKATA and TK passenger seat belt system would fail to properly restrain a passenger and keep the person contained within the vehicle.

17.    TAKATA and TK are strictly liable to the Plaintiff for the injuries and damages caused by defects and inadequacies in the design and manufacture of the passenger seat belt system installed within the aforesaid Toyota 4runner.

18.    At all times material to this cause of action, TAKATA and TK were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing,

17

distributing, selling and supplying passenger seat belt systems and/or seat belt restraint systems for installation in motor vehicles, including the 2000 Toyota 4runner.

19.    TAKATA and TK, and each of them, designed, tested, approved, manufactured, marketed assembled, supplied, distributed, and sold the passenger seat belt system and/or seat belt restraint system contained within the 2000 Toyota 4runner that is the subject of this lawsuit.

20.    At the time the TAKATA and TK passenger seat belt system and/or seat belt restraint system installed within the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, it was defective and unreasonably dangerous in its design, marketing and manufacture.

21.    At the time the passenger seat belt system and/or seat belt restraint system of the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, it was defective and unreasonably dangerous in its design because it failed to properly protect the Plaintiff in the vehicle, which was a producing and proximate cause of the injuries to Plaintiff.

22.    The TAKATA and TK passenger seat belt system and/or seat belt restraint system installed in the aforesaid 2000 Toyota 4runner's, including its components such as the belt webbing, retractors, anchors, and anchor points, as well as the overall design and geometry of the systems, were inadequate to reasonably restrain and protect occupants when exposed to foreseeable crash forces in a rollover accident.  More specifically, the passenger seat belt system and/or seat belt restraint system was subject to failure in a foreseeable rollover accident.

23.    The defective and unreasonably dangerous passenger seat belt system and/or seat belt restraint system was a producing and proximate cause of the injuries to Plaintiff.

24.    The passenger seat belt system and/or seat belt restraint system installed within the aforesaid 2000 Toyota 4runner was expected by TAKATA and TK to reach, and did reach, the user or consumer without substantial change to the condition in which it was sold. Plaintiff was a person who reasonably would be expected to use the passenger seat belt system and/or seat belt restraint system.

25.    It was foreseeable to TAKATA and TK, and each of them, that the passenger seat belt system and/or seat belt restraint system installed in the aforesaid 2000 Toyota 4runner could and would be operated in such a manner that it would be involved in a rollover as occurred in the accident that is the subject of this lawsuit.

26.    It was foreseeable to TAKATA and TK that occupants, such as Plaintiff, would sustain serious injuries during a rollover accident in which the passenger seat belt system and/or seat belt restraint system installed within the aforesaid 2000 Toyota 4runner would fail. The defective and unreasonably dangerous condition of the passenger seat belt system and/or seat belt restraint system installed within the aforesaid 2000 Toyota 4runner failed to adequately protect Plaintiff and directly and proximately caused her to sustain severe and permanent injuries and disfigurement, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and disability and/or loss of a normal life, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

27.    TAKATA and TK, and each of them, are strictly liable to the Plaintiff for injuries caused by defects and inadequacies in the design and/or manufacture of the passenger seat belt system and/or seat belt restraint system.

WHEREFORE, Plaintiff, SHARON CATINO, prays for judgment in her favor and against the Defendants, TAKATA CORPORATION and TK HOLDINGS, INC., for past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, and any other relief the Court deems appropriate.

## COUNT V

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of Defendants TAKATA CORPORATION, a foreign corporation, and TK HOLDINGS, INC., a Michigan Corporation, and each of them, alleges as follows:

1.    That on and prior to October 12, 2006, Defendants TAKATA CORPORATION and TK HOLDINGS, INC., (hereinafter referred to as TAKATA and TK), were in the business of supplying passenger seat belt systems and or seat belt restraint systems, for motor vehicles. TAKATA and TK, and each of them, held themselves out as having special expertise in the industry. As such, TAKATA and TK, and each of them, owed Plaintiff a duty to use reasonable care in the design, manufacture, preparation, testing, instructing and warnings surrounding passenger seat belt systems and/or seat belt restraint systems, and their components. TAKATA

and TK, and each of them, violated this duty by supplying a passenger seat belt system and/or seat belt restraint system that was defective.

    2.    TAKATA and TK, and each of them, had a duty to design their passenger seat belt systems and/or seat belt restraint systems to ensure that it would not fail during foreseeable accidents.

    3.    TAKATA and TK, and each of them, had a duty to design its passenger seat belt systems and/or seat belt restraint systems to provide reasonable protections to occupants in the event of a rollover accident, such as occupants involved in a 2000 Toyota 4runner rollover accident.

    4.    TAKATA and TK, and each of them, negligently designed, tested, manufactured, marketed, distributed, sold and supplied the passenger seat belt system and/or seat belt restraint system, and its components in that it failed to exercise reasonable care to prevent the passenger seat belt system and/or seat belt restraint system, and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner.

    5.    TAKATA and TK, and each of them, breached its duty to design the passenger seat belt system and/or seat belt restraint system to provide reasonable protection to occupants in a rollover accident, such as 2000 Toyota 4runner occupants involved in 2000 Toyota 4runner rollover accidents.

    6.    TAKATA and TK, and each of them, negligently designed, tested, approved, manufactured, marketed, distributed and sold the passenger seat belt system and/or seat belt restraint system, and its components, installed in the vehicle in question, in that they failed to exercise reasonable care to prevent the passenger seat belt system and/or seat belt restraint

21

system, and its components, from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected and reasonably foreseeable manner.

7.    TAKATA and TK, and each of them, were negligent in that it:

(a)    Negligently designed the passenger seat belt system;

(b)    Failed to disclose known problems and defects concerning the failure of the passenger seat belt system to contain passengers within the vehicle during a rollover accident;

(c)    Negligently marketed the passenger seat belt system and/or seat belt restraint system as a safe seat belt system;

(d)    Failed to meet or exceed Internal Corporate Design Guidelines and internal acceptance criteria;

(e)    Negligently designed the passenger seat belt system and/or seat belt restraint system from a marketing standpoint;

(f)    Failed to comply with applicable and necessary Federal Motor Vehicle Safety Standards;

(g)    Failed to notify consumers as required by law that a defect exists in the passenger seat belt system and/or seat belt restraint system as it relates to public safety;

(h)    Failed to design the passenger seat belt system and/or seat belt restraint system to prevent occupants from being seriously injured during a foreseeable vehicle rollover;

(i)    Placed the product on the market without adequate warnings about the dangers of the product;

(j)    Failed to adequately test the product to discover the dangerous manner of the product;

(k)    Failed to take action to investigate and correct problems with the product after learning of its risk to cause serious bodily injuries'

(l)    Failed to design the passenger seat belt system and/or seat belt restraint system to prevent occupants such as the Plaintiff from having their legs and body removed from the vehicle;

22

(m)    Negligently provided a passenger seat belt system and/or seat belt restraint system that did not properly restrain passengers during a foreseeable rollover, when the Defendants knew or should have known it would have prevented the injuries to Plaintiff;

(n)    Negligently provided a passenger seat belt system and/or seat belt restraint system that allowed the Plaintiff's legs to leave the vehicle during a foreseeable rollover.

8.    That on the aforesaid date, the aforesaid product and/or its appurtenances was in use on Interstate 88, mile marker 36.5, in the Township of Coloma, County of Whiteside, and State of Illinois.

9.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, the said product and/or its appurtenances improperly failed to restrain and contain Plaintiff within the vehicle during a foreseeable rollover, thereby causing injuries to the Plaintiff as hereinafter mentioned.

10.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of TAKATA and TK, and each of them, the Plaintiff then and there sustained severe and permanent injuries and disfigurement, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and disability and/or loss of a normal life, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, SHARON CATINO, demands judgment against the Defendants, TAKATA CORPORATION and TK HOLDINGS, INC., a Corporation, and each of them, for past and future pain and suffering, both in mind and body, past and future disability

23

and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.


<u>COUNT VI</u>

NOW COMES the Plaintiff, SHARON CATINO, by and through her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., complaining of Defendants TAKATA CORPORATION, a foreign corporation, and TK HOLDINGS, INC., a Michigan Corporation, and each of them, alleges as follows:

1-11.   Plaintiff realleges and restates paragraphs 1 through 11 of Count V as and for paragraphs 1 through 11 of Count VI as though fully set forth herein.

12.    At all relevant times herein, the TAKATA and TK passenger seat belt system and/or seat belt restraint system that is the subject of this lawsuit had an implied warranty of merchantability and fitness.

13.    On or about October 12, 2006, and at all relevant times before, TAKATA and TK, and each of them, breached their implied warranty of merchantability  when it designed and manufactured the passenger seat belt system and/or seat belt restraint system installed within the 2000 Toyota 4runner in that it was unfit for reasonable and ordinary use.

14.    As a direct and proximate result of the breach of warranty of merchantability and fitness, by TAKATA and TK and each of them, the passenger seat belt system and/or seat belt restraint system installed within the 2000 Toyota 4runner, failed, and did not restrain or keep Plaintiff's body properly within the vehicle in question during a roll over, and the Plaintiff

24

suffered severe and permanent injuries, past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and other losses flowing from her injuries.

WHEREFORE, the Plaintiff, SHARON CATINO, demands judgment against the Defendants, TAKATA CORPORATION and TK HOLDINGS, INC., a Corporation, and each of them, for past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and any other losses flowing from her injuries, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

_____
Attorneys for Plaintiff(s)

Daniel V. O'Connor
Steven W. Burrows
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL  60601
312/372-3822

25

14377/DVO/rf          Attorney ID 35244
4-14-08

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
## COUNTY DEPARTMENT, LAW DIVISON

SHARON CATINO,                )
              Plaintiff(s),     )
                        )
v.                          )
                        )         *Case No.*
TOYOTA MOTOR CORPORATION, a    )
foreign corporation, et al,        )
             Defendant(s).    )

## AFFIDAVIT

I, Daniel V. O'Connor, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1.     That I am an attorney at law licensed to practice in the State of Illinois.

2.     That I am a Partner with the law firm of ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., attorneys of record for the Plaintiff, Sharon Catino.

3.     That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4.     That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER, Affiant sayeth not.

_____
Daniel V. O'Connor

SUBSCRIBED AND SWORN TO
before me this 15th day
of April 2008.

_____
Notary Public

"OFFICIAL SEAL"
ROSEMARY ANN FLYNN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/3/2009

14377/SWB/DVO          Attorney I.D. No. 35244

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SHARON CATINO,                              )
                                            )
                    *Plaintiff(s),*         )
                                            )
*vs.*                                       )
                                            )
                                            )     *Case No.*  08 L 4110
                                            )
                                            )
TOYOTA MOTOR CORPORATION, a Foreign         )
Corporation; and TOYOTA MOTOR SALES,        )
U.S.A., INC., a Corporation,                )
                    *Defendants(s).*        )

4209-11

## <u>ORDER</u>

This matter having come on to be heard on the Motion of the Plaintiff, due notice having

been given and the Court being fully advised of the premises;

IT IS HEREBY ORDERED that APS International, Ltd., including its designated agents,

is appointed and authorized to effect service of process on the Defendants, Toyota Motor

Corporation and Takata Corporation, in Japan.  Service shall be effected according to any

internationally agreed means, the laws of the foreign country, or as directed by the foreign

authority or the originating court if not otherwise prohibited by international agreement or the

laws of the foreign country, and in a manner reasonably calculated to give notice.

IT IS FURTHER ORDERED that the service life of the Summons shall be 180 days from

the date of issuance.

| | | |
|---|---|---|
| *Name* | **ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.** | *Dated:* |
| *Attorney for* | Plaintiff(s) | |
| *Address* | 161 North Clark Street – 21st Floor | ENTERED: |
| *City* | Chicago, IL  60601 | |
| *Telephone* | 312/372-3822 | |

ENTERED
JUDGE DONALD J. SURIANO-17

MAY - 2 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Donald

Judge

EXHIBIT
tabbies
C

080288.3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT / LAW DIVISION

SHARON CATINO,

                Plaintiff,

    v.

TOYOTA MOTOR CORPORATION, a foreign
corporation; TOYOTA MOTOR SALES, USA,
INC., a California corporation; TAKATA
CORPORATION, a foreign corporation, TK
HOLDINGS, INC., a Michigan corporation,

              Defendants.

No.  08 L 004110
Judge Elizabeth Budzinski
Motion Call: F

## NOTICE OF FILING

**TO:**   Daniel V. O'Connor, Anesi, Ozmon, Rodin, Novak & Kohen, Ltd., 161 North Clark,
Street, 21st Floor, Chicago, IL 60601

     PLEASE TAKE NOTICE that on May 22, 2008, Defendants TOYOTA MOTOR SALES,
USA, INC. and TK HOLDINGS INC., removed the above-captioned action from the Circuit Court of
Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern
Division, pursuant to 28 U.S.C. §§ 1441 and 1446.

                   Respectfully submitted,

                   TOYOTA MOTOR SALES, USA, INC. and
                   TK HOLDINGS, INC.

          By:                               
                   One of Its Attorneys

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH LLC
Mark H. Boyle
Charles S. Ofstein
Victoria Dizik
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909



080288.12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHARON CATINO,

          Plaintiff,

    v.

TOYOTA MOTOR CORPORATION, a
foreign corporation; TOYOTA MOTOR
SALES, U.S.A., INC., a California
corporation; TAKATA CORPORATION, a
foreign corporation; and TK HOLDINGS
INC., a Michigan corporation,

          Defendants.

```
08CV2997      TC
JUDGE DOW
MAGISTRATE JUDGE COLE
```

No.

## CERTIFICATE OF SERVICE

    I hereby certify that on May 22, 2008, I filed Notice of Removal with the Clerk of Court using the CM/ECF system.

    I further certify that a copy of this document has been sent via First Class Mail to the following:

    Daniel V. O'Connor, Anesi, Ozmon, Rodin, Novak & Kohen, Ltd., 161 North Clark, Street, 21st Floor, Chicago, IL 60601

        DONOHUE BROWN MATHEWSON & SMYTH LLC

        s/Charles S. Ofstein
        Mark H. Boyle (ARDC #6200934)
        Charles S. Ofstein (ARDC #6280741)
        Victoria Dizik (ARDC #6284122)
        DONOHUE BROWN MATHEWSON & SMYTH LLC
        140 South Dearborn, Suite 800
        Chicago, IL 60603
        Telephone:    (312) 422-0900 / Facsimile:  (312) 422-0909