080288.43

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHARON CATINO,<br><br>             Plaintiff,<br><br>   v.<br><br>TOYOTA MOTOR CORPORATION, a foreign corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation; TAKATA CORPORATION, a foreign corporation; and TK HOLDINGS INC., a Michigan corporation,,<br><br>             Defendants. | No.   1:08-cv-02997<br><br>Judge Robert M. Dow<br><br>Magistrate Judge Jeffrey Cole |

## PARTIES' INITIAL STATUS REPORT

NOW COME the parties, SHARON CATINO, TK HOLDINGS INC., and TOYOTA MOTOR SALES, U.S.A., INC., by and through their respective counsel, and hereby submit an initial status report:

1.   A.   Sharon Catino:   Daniel V. O'Connor (lead attorney)
                                         Mark Novak (lead attorney/trial counsel)
                                         Steven W. Burrows (trial counsel)
                                         Anesi Ozmon Rodin Novak & Kohen Ltd.
                                         161 N. Clark Street, 21st Floor
                                         Chicago, IL  60601
                                         (312) 372-3822

              TK Holdings, Inc.:   Mark H. Boyle (local lead attorney/trial counsel)
              Toyota Motor Sales   Charles S. Ofstein
               U.S.A., Inc.              Victoria Dizik
                                         Donohue Brown Mathewson & Smyth LLC
                                         140 S. Dearborn Street, Suite 800
                                         Chicago, IL  60603
                                         (312) 422-0900

              Anticipated National Trial Counsel:

                                         David W. Graves, Jr. (lead attorney/trial counsel)

>   Bard D. Borkon (trial counsel)
>   Bowman and Brooke, LLP
>   150 S. Fifth Street, Suite 3000
>   Minneapolis, MN  55402
>   (612) 339-8582

B. This is an action for money damages resting on diversity jurisdiction.  28 USC 1332(a).

C. Plaintiff's automotive product liability action asserts claims in strict liability, negligence, and breach of implied warranty.

D. Defendants Toyota Motor Corporation and Takata Corporation have not been served.  Both are Japanese corporations that require service through the Hague Convention.

E. Principal legal issues include, but are not limited to the following:

 (1) Whether the subject vehicle, a 2000 Toyota 4 Runner, was defective and unreasonably dangerous;

 (2) Whether any alleged condition of the subject vehicle was a proximate cause of the accident, plaintiffs' damages and injuries;

 (3) Whether the plaintiff was comparatively negligent, misused the vehicle, or assumed the risk of their injury;

 (4) Whether any comparative negligence, misuse, or assumption of the risk by the plaintiff was a proximate cause of her damages;

 (5) Whether the driver of the subject vehicle, Mary Beth Odea, was at fault in operating the subject vehicle at the time of the crash and therefore is liable in contribution to the defendants, if the defendants are found liable to Sharon Catino;

 (6) Whether the plaintiff's claims for relief are barred, in whole or in part, by the applicable statutes of limitation; and

 (7) Whether a consumer expectation test can be used in a design defect claim involving automobile crash-worthiness issues or whether the risk-utility test is the only that the court and jury must follow.  See *Mikolaczyk v. Ford Motor Co.,* docket No. 104983, currently on appeal to the Illinois Supreme Court.

  F. Principal factual issues will involve whether any of the alleged defective aspects of the vehicle (seatbelt, roof, glass, handling and stability, or lack of electronic stability controls) existed in the vehicle at the time it left the defendant(s)' control, make the vehicle unreasonably dangerous, and caused, or contributed to cause, plaintiff's injuries, the nature and extent of plaintif's injuries (significant de-gloving and related injuries) and whether Mary Beth Odea operated the 4Runner in an unsafe manner at the time of the crash. There are likely additional facts arising from the above legal issues that will also necessitate discovery and trial.

  G. TK Holdings, Inc., and Toyota Motor Sales, U.S.A., Inc., have demanded a jury trial.

  H. The defendants propose the following discovery plan:

    (1) Deadline to join other parties and amend the pleadings is October 30, 2008.

    (2) The parties Rule 26(a)(1) initial disclosures are due on October 30, 2008

    (3) Rule 26(a)(2) disclosures by plaintiff due October 2009

    (4) Rule 26(a)(2) disclosures by defendants due February 2010

    (5) Discovery cut-off April 2010.

  I. The parties expect that with the April 2010 discovery cut-off deadline, the earliest date the case would be ready for trial is after April 2010. The parties estimate that the case will take two to three weeks for trial.

  J. At this point, the parties do not consent to proceed before a Magistrate Judge.

  K. Settlement discussions – due to the lack of information concerning the accident circumstances and vehicle performance, the parties have not had an opportunity to engage in meaningful settlement discussions.

  L. At this point, the parties are not requesting a settlement conference simply because the potential for settlement is unknown. The parties are open to conducting settlement discussions at the appropriate time with the assistance of a private mediator.

By: s/ Charles S. Ofstein
Charles S. Ofstein (ARDC #6280741)
John A. Krivicich (ARDC #3127319)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone: (312) 422-0900
Facsimile: (312) 422-0909

By: s/ Daniel V. O'Connor
Mark Novak (ARDC #02068311)
Steve Burrows (ARDC #6255692)
Daniel V. O'Connor   (ARDC #3127319)
ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.
161 N. Clark Street, Suite 2100
Chicago, IL  60601
Telephone: (312) 372-3822

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2008, I electronically filed the **Defendants' First Motion for Extension of Time to File Responsive Pleadings** with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which sent notification of such filing to the counsel of record set forth below.

    Steven W. Burrows
    Daniel V. O'Connor
    Mark Novak

                                                s/Charles S. Ofstein