080288.64

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SHARON CATINO,

                Plaintiff,

    v.

TOYOTA MOTOR CORPORATION, a foreign corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation; TAKATA CORPORATION, a foreign corporation; and TK HOLDINGS INC., a Michigan corporation,

                Defendants.

No.  1:08-cv-02997

Judge Robert M. Dow, Jr.

Magistrate Judge Jeffrey Cole

## DEFENDANT TAKATA CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES defendant, TAKATA CORPORATION ("TAKATA"), by and through its attorneys in this regard, Mark H. Boyle, Charles S. Ofstein, Victoria Dizik and DONOHUE BROWN MATHEWSON & SMYTH LLC, and answers plaintiff's complaint as follows:

### COUNT I

**ANSWER:**   This defendant makes no answer to Count I of the plaintiff's complaint because it does not apply to this defendant.  To the extent that any of the allegations contained therein are deemed to be directed to this defendant, they are denied.

### COUNT II

**ANSWER:**   This defendant makes no answer to Count II of the plaintiff's complaint because it does not apply to this defendant.  To the extent that any of the allegations contained therein are deemed to be directed to this defendant, they are denied.

## COUNT III

**ANSWER:**   This defendant makes no answer to Count III of the plaintiff's complaint because it does not apply to this defendant.  To the extent that any of the allegations contained therein are deemed to be directed to this defendant, they are denied.

## COUNT IV

1 .     That on October 12, 2006, the Plaintiff, SHARON CATINO, was a passenger in a 2000 Toyota 4runner being operated in a easterly direction on Interstate 88, at or near mile marker 36.5, in the township of Coloma, County of Whiteside, and State of Illinois.

**ANSWER:**   This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Count IV of the plaintiff's complaint, and therefore said allegations are denied.

2.     Defendant Takata Corporation is and was at all times stated herein a foreign corporation that has its principal place of business in Tokyo, Japan. Takata Corporation is organized and existing under the laws of Japan for the purposes of designing, preparing, manufacturing, advertising, distributing, supplying and/or selling a certain product and or its appurtenances, commonly known as a passenger seat belt system and/or seat belt restraint system, which was installed in the 2000 Toyota 4runner that is the subject of this lawsuit. Takata Corporation did design, manufacture and market the passenger seat belt system and/or seat belt restraint system, installed within the 2000 Toyota 4runner that is the subject of this lawsuit, Takata Corporation is not organized or existing under the laws of Illinois or any state of the United States. Takata Corporation is subject to service of process pursuant to the dictates of the Hague Convention through the minister of foreign affairs, 2-2-1, Kasumigaseki, Chiwoda, Ku,Tokyo 100, Japan.

- 2 -

**ANSWER:**     TAKATA admits that it is a foreign corporation with its principal place of business in Japan.  This defendant admits that it designed in part and manufactured in part passenger seat belt systems and/or seat belt restraint systems, some of which were installed in the front outboard seats of 2000 model year Toyota 4Runner vehicles sold in the United States.  Further answering, this defendant denies the remaining allegations contained in to paragraph 2 of Count IV of the plaintiff's complaint.

3.     Defendant TK Holdings, Inc., is and was at all times stated herein, a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Auburn Hills, Michigan, and qualified to do business in the State of Illinois. TK Holdings, Inc., is organized and existing under the laws of Michigan for the purpose of designing, preparing, manufacturing, advertising, distributing, supplying and/or selling a certain product and or its appurtenances, commonly known as a passenger seat belt system and/or seat belt restraint system, which was installed in the 2000 Toyota 4runner that is the subject of this lawsuit.  TK Holdings, Inc., did design, manufacture and market the passenger seat belt system and/or seat belt restraint system installed within the 2000 Toyota 4runner that is the subject of this lawsuit.

**ANSWER:**     This defendant makes no answer to paragraph 3 of Count IV of the plaintiff's complaint because it does not apply to this defendant.  To the extent that any of the allegations contained therein are deemed to be directed to this defendant, they are denied.

4.     On or about October 12, 2006, the passenger seat belt system in question failed while the 2000 Toyota 4runner that Plaintiff was a passenger in rolled several times, causing Plaintiff to suffer severe and permanent injuries. Plaintiff was properly wearing the available seat and lap belt at all relevant times before and during the rollover.

**ANSWER:**    TAKATA denies that the passenger seat belt system in the subject vehicle failed.  Further answering, this defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4 of Count IV of plaintiff's complaint, and therefore said allegations are denied.

5.    The passenger seat belt system and/or seat belt restraint system installed within the 2000 4runner in question was designed, tested, manufactured, assembled, marketed, sold and placed in the stream of commerce by Defendants, Takata Corporation and TK Holdings, Inc., hereinafter referred to as TAKATA and TK.

**ANSWER:**    This defendant admits that it designed in part and manufactured in part seat belt systems and/or seat belt restraint systems, some of which were installed in the front outboard seats of 2000 model year Toyota 4Runner vehicles sold in the United States.  Further answering, this defendant denies the remaining allegations contained in paragraph 5 of Count IV of the plaintiff's complaint.

6.    At all times material to this cause of action, TAKATA and TK, and each of them, were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing, distributing and selling passenger seat belt systems and/or seat belt restraint systems, and its appurtenances, including the passenger seat belt system installed in the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, for use throughout the United States.

**ANSWER:**    This defendant admits that it designed in part and manufactured in part seat belt systems and/or seat belt restraint systems, some of which were installed in the front outboard seats of 2000 model year Toyota 4Runner vehicles sold in the United States.  Further answering, this

- 4 -

defendant denies the remaining allegations contained in paragraph 6 of Count IV of the plaintiff's complaint.

7.    TAKATA and TK, and each of them, designed, tested, approved, manufactured, assembled, supplied, marketed, distributed and sold the passenger seat belt system and/or seat belt restraint system installed in the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, and its components, including, but not limited to the webbing, latches, buckles, and retractor system.

**ANSWER:**    This defendant admits that it designed in part and manufactured in part seat belt systems and/or seat belt restraint systems, some of which were installed in the front outboard seats of 2000 model year Toyota 4Runner vehicles sold in the United States.  Further answering, this defendant denies the remaining allegations contained in paragraph 7 of Count IV of the plaintiff's complaint.

8.    At all times during the design, manufacture, distribution and customer usage of the passenger seat belt system and/or seat belt restraint system in question, TAKATA and TK, and each of them, had a duty to design, manufacture, assemble, supply, market distribute and sell a passenger seat belt and all its component parts that was free from unreasonably dangerous defects.

**ANSWER:**    TAKATA makes no answer to the allegations contained in paragraph 8 of Count IV of the plaintiff's complaint because the allegations are legal conclusions to which no answer is required.  To the extent an answer is required, this defendant denies the allegations contained in Paragraph 8 of Count IV of the plaintiff's complaint.

9.    At the time the passenger seat belt system in question was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, and each of them, it was defective and unreasonably dangerous in its design, marketing and manufacture.

**ANSWER:** TAKATA denies the allegations contained in paragraph 9 of Count IV of the plaintiff's complaint.

10. At the time the passenger seat belt system was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, and each of them, it was defective and unreasonably dangerous in its design due to its failure to properly keep the Plaintiff restrained and within the vehicle during the rollover in question.

**ANSWER:** TAKATA denies the allegations contained in paragraph 10 of Count IV of the plaintiff's complaint.

11. The TAKATA and TK passenger seat belt system was designed and manufactured such that it is susceptible to failure to restrain passengers and keep their bodies within the vehicle in the event of a foreseeable rollover. The TAKATA and TK passenger seat belt system and its component parts, was inadequate to reasonably protect occupants from foreseeable crash forces in a rollover accident.

**ANSWER:** TAKATA denies the allegations contained in paragraph 11 of Count IV of the plaintiff's complaint.

12. These defective and unreasonably dangerous conditions were a producing and proximate cause of the Plaintiff's legs not being contained within the vehicle in question, the injuries to and damages sustained by the Plaintiff.

**ANSWER:** TAKATA denies the allegations contained in paragraph 12 of Count IV of the plaintiff's complaint.

13.    Aside from normal wear and tear, the TAKATA and TK passenger seat belt system that is the subject of this lawsuit was in the same defective condition at the time of the accident as when TAKATA and TK designed, manufactured, sold and/or placed it into the stream of commerce.

**ANSWER:**    TAKATA denies the allegations contained in paragraph 13 of Count IV of the plaintiff's complaint.

14.    The TAKATA and TK passenger seat belt system that was installed in the aforesaid 2000 Toyota 4runner was expected to reach and, in fact, did reach the user or consumer without substantial change in the condition in which it was sold.

**ANSWER:**    This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of Count IV of the plaintiff's complaint, and therefore said allegations are denied.

15.     It was foreseeable to TAKATA and TK that the passenger seat belt system installed within the aforesaid 2000 Toyota 4runner could and would be utilized during a rollover as occurred in the accident that is the subject of this lawsuit.

**ANSWER:**    This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of Count IV of the plaintiff's complaint, and therefore said allegations are denied.

16.    It was foreseeable to TAKATA and TK that passengers, such as Plaintiff, would sustain serious injuries during a rollover accident in which a TAKATA and TK passenger seat belt system would fail to properly restrain a passenger and keep the person contained within the vehicle.

**ANSWER:**    TAKATA denies the allegations contained in paragraph 16 of Count IV of the plaintiff's complaint.

17.    TAKATA and TK are strictly liable to the Plaintiff for the injuries and damages caused by defects and inadequacies in the design and manufacture of the passenger seat belt system installed: within the aforesaid Toyota 4runner.

**ANSWER:**    TAKATA makes no answer to the allegations contained in paragraph 17 of Count IV of the plaintiff's complaint because the allegations are legal conclusions to which no answer is required.    To the extent an answer is required, this defendant denies the allegations contained in Paragraph 17 of Count IV of the plaintiff's complaint.

18.    At all times material to this cause of action, TAKATA and TK were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing, distributing, selling and supplying passenger seat belt systems and/or seat belt restraint systems for installation in motor vehicles, including the 2000 Toyota 4runner.

**ANSWER:**    This defendant admits that it designed in part and manufactured in part seat belt systems and/or seat belt restraint systems, some of which were installed in the front outboard seats of 2000 model year Toyota 4Runner vehicles sold in the United States.    Further answering, this defendant denies the remaining allegations contained in paragraph 18 of Count IV of the plaintiff's complaint.

19.    TAKATA and TK, and each of them, designed, tested, approved, manufactured, marketed assembled, supplied, distributed, and sold the passenger seat belt system and/or seat belt restraint system contained within the 2000, Toyota 4runner that is the subject of this lawsuit.

**ANSWER:**    This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of Count IV of the plaintiff's complaint, and therefore said allegations are denied.

20.     At the time the TAKATA and TK passenger seat belt system and/or seat belt restraint system installed within the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, it was defective and unreasonably dangerous in its design, marketing and manufacture.

**ANSWER:**     TAKATA denies the allegations contained in paragraph 20 of Count IV of the plaintiff's complaint.

21.     At the time the passenger seat belt system and/or seat belt restraint system of the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by TAKATA and TK, it was defective and unreasonably dangerous in its design because it failed to properly protect the Plaintiff in the vehicle, which was a producing and proximate cause of the injuries to Plaintiff.

**ANSWER:**     TAKATA denies the allegations contained in paragraph 21 of Count IV of the plaintiff's complaint.

22.     The TAKATA and TK passenger seat belt system and/or seat belt restraint system installed in the aforesaid 2000 Toyota 4runner's, including its components such as the belt webbing, retractors, anchors, and anchor points, as well as the overall design and geometry of the systems, were inadequate to reasonably restrain and protect occupants when exposed to foreseeable crash forces in a rollover accident. More specifically, the passenger seat belt system and/or seat belt restraint system was subject to failure in a foreseeable rollover accident.

**ANSWER:**     TAKATA denies the allegations contained in paragraph 22 of Count IV of the plaintiff's complaint.

23.    The defective and unreasonably dangerous passenger seat belt system and/or seat belt restraint system was a producing and proximate cause of the injuries to Plaintiff.

**ANSWER:**    TAKATA denies the allegations contained in paragraph 23 of Count IV of the plaintiff's complaint.

24.    The passenger seat belt system and/or seat belt restraint system installed within the aforesaid 2000 Toyota 4runner was expected by TAKATA and TK to reach, and did reach, the user or consumer without substantial change to the condition in which it was sold. Plaintiff was a person who reasonably would be expected to use the passenger seat belt system and/or seat belt restraint system.

**ANSWER:**    This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Count IV of the plaintiff's complaint, and therefore said allegations are denied.

25.    It was foreseeable to TAKATA and TK, and each of them, that the passenger seat belt system and/or seat belt restraint system installed in the aforesaid 2000 Toyota 4runner could and would be operated in such a manner that it would be involved in a rollover as occurred in the accident that is the subject of this lawsuit.

**ANSWER:**    This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Count IV of the plaintiff's complaint, and therefore said allegations are denied.

26.    It was foreseeable to TAKATA and TK that occupants, such as Plaintiff, would sustain serious injuries during a rollover accident in which the passenger seat belt system and/or seat belt restraint system installed within the aforesaid 2000 Toyota 4runner would fail. The defective

and unreasonably dangerous condition of the passenger seat belt system and/or seat belt restraint system installed within the aforesaid 2000 Toyota 4runner failed to adequately protect Plaintiff and directly and proximately caused her to sustain severe and permanent injuries and disfigurement, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and disability and/or loss of a normal life, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER:** TAKATA denies the allegations contained in paragraph 26 of Count IV of the plaintiff's complaint.

27. TAKATA and TK, and each of them, are strictly liable to the Plaintiff for injuries caused by defects and inadequacies in the design and/or manufacture of the passenger seat belt system and/or seat belt restraint system.

**ANSWER:** TAKATA makes no answer to the allegations contained in paragraph 27 of Count IV of the plaintiff's complaint because the allegations are legal conclusions to which no answer is required. To the extent an answer is required, this defendant denies the allegations contained in Paragraph 27 of Count IV of the plaintiff's complaint.

WHEREFORE, this defendant, TAKATA CORPORATION, denies that the plaintiff, SHARON CATINO, is entitled to judgment in excess of $50,000.00, or in any sum whatsoever and prays for judgment in its favor, with costs assessed against the plaintiffs.

## COUNT V

1.      That on and prior to October 12, 2006, Defendants TAKATA CORPORATION and TK HOLDINGS, INC., (hereinafter referred to as TAKATA and TK), were in the business of supplying passenger seat belt systems and or seat belt restraint systems, for motor vehicles. TAKATA and TK, and each of them, held themselves out as having special expertise in the industry. As such, TAKATA and TK, and each of them, owed Plaintiff a duty to use reasonable care in the design, manufacture, preparation, testing, instructing and warnings surrounding passenger seat belt systems and/or seat belt restraint systems, and their components. TAKATA and TK, and each of them, violated this duty by supplying a passenger seat belt system and/or seat belt restraint system that was defective.

**ANSWER:**    This defendant admits that it designed in part and manufactured in part seat belt systems and/or seat belt restraint systems.  Further answering, this defendant denies the remaining allegations contained in paragraph 1 of Count V of the plaintiff's complaint.

2.      TAKATA and TK, and each of them, had a duty to design their passenger seat belt systems and/or seat belt restraint systems to ensure that it would not fail during foreseeable accidents.

**ANSWER:**    TAKATA makes no answer to the allegations contained in paragraph 2 of Count V of the plaintiff's complaint because the allegations are legal conclusions to which no answer is required.  To the extent an answer is required, this defendant denies the allegations contained in Paragraph 2 of Count V of the plaintiff's complaint.

3.      TAKATA and TK, and each of them, had a duty to design its passenger seat belt systems and/or seat belt restraint systems to provide reasonable protections to occupants in the event of a rollover accident, such as occupants involved in a 2000 Toyota 4runner rollover accident.

**ANSWER:**    TAKATA makes no answer to the allegations contained in paragraph 2 of Count V of the plaintiff's complaint because the allegations are legal conclusions to which no answer is required. To the extent an answer is required, this defendant denies the allegations contained in Paragraph 3 of Count V of the plaintiff's complaint.

4.      TAKATA and TK, and each of them, negligently designed, tested, manufactured, marketed, distributed, sold and supplied the passenger seat belt system and/or seat belt restraint system, and its components in that it failed to exercise reasonable care to prevent the passenger seat belt system and/or seat belt restraint system, and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner.

**ANSWER:**    TAKATA denies the allegations contained in paragraph 4 of Count V of the plaintiff's complaint.

5.      TAKATA and TK, and each of them, breached its duty to design the passenger seat belt system and/or seat belt restraint system to provide reasonable protection to occupants in a rollover accident, such as 2000 Toyota 4runner occupants involved in 2000 Toyota 4runner rollover accidents.

**ANSWER:**    TAKATA denies the allegations contained in paragraph 5 of Count V of the plaintiff's complaint.

- 13 -

6.    TAKATA and TK, and each of them, negligently designed, tested, approved, manufactured, marketed, distributed and sold the passenger seat belt system and/or seat belt restraint system, and its components, installed in the vehicle in question, in that they failed to exercise reasonable care to prevent the passenger seat belt system and/or seat belt restraint system, and its components, from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected and reasonably foreseeable manner.

**ANSWER:**    TAKATA denies the allegations contained in paragraph 6 of Count V of the plaintiff's complaint.

7.    TAKATA and TK, and each of them, were negligent in that it:

(a)    Negligently designed the passenger seat belt system;

(b)    Failed to disclose known problems and defects concerning the failure of the passenger seat belt system to contain passengers within the vehicle during a rollover accident;

(c)    Negligently marketed the passenger seat belt system and/or seat belt restraint system as a safe seat belt system;

(d)    Failed to meet or exceed Internal Corporate Design Guidelines and internal acceptance criteria;

(e)    Negligently designed the passenger seat belt system and/or seat belt restraint system from a marketing standpoint;

(f)    Failed to comply with applicable and necessary Federal Motor Vehicle Safety Standards;

(g)    Failed to notify consumers as required by law that a defect exists in the passenger seat belt system and/or seat belt restraint system as it relates to public safety;

(h)    Failed to design the passenger seat belt system and/or seat belt restraint system to prevent occupants from being seriously injured during a foreseeable vehicle rollover;

(i)    Placed the product on the market without adequate warnings about the dangers of the product;

- 14 -

(j)    Failed to adequately test the product to discover the dangerous manner of the product;

(k)    Failed to take action to investigate and correct problems with the product after learning of its risk to cause serious bodily injuries'

(l)    Failed to design the passenger seat belt system and/or seat belt restraint system to prevent occupants such as the Plaintiff from having their legs and body removed from the vehicle;

(m)    Negligently provided a passenger seat belt system and/or seat belt restraint system that did not properly restrain passengers during a foreseeable rollover, when the Defendants knew or should have known it would have prevented the injuries to Plaintiff;

(n)    Negligently provided a passenger seat belt system and/or seat belt restraint system that allowed the Plaintiff's legs to leave the vehicle during a foreseeable rollover.

**ANSWER:**    TAKATA denies each and every allegation contained in paragraph 7 of Count V of the plaintiff's complaint, including subparagraphs (a) through (n) thereof.

8.    That on the aforesaid date, the aforesaid product and/or its appurtenances was in use on Interstate 88, mile marker 36.5, in the Township of Coloma, County of Whiteside, and State of Illinois.

**ANSWER:**    This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count V of the plaintiff's complaint, and therefore said allegations are denied.

9.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, the said product and/or its appurtenances improperly failed to restrain and contain Plaintiff within the vehicle during a foreseeable rollover, thereby causing injuries to the Plaintiff as hereinafter mentioned.

**ANSWER:**    TAKATA denies the allegations contained in paragraph 9 of Count V of the plaintiff's complaint.

10.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of TAKATA and TK, and each of them, the Plaintiff then and there sustained severe and permanent injuries and disfigurement, both externally and internally, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and disability and/or loss of a normal life, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER:**     TAKATA denies the allegations contained in paragraph 10 of Count V of the plaintiff's complaint.

WHEREFORE, this defendant, TAKATA CORPORATION, denies that the plaintiff, SHARON CATINO, is entitled to judgment in excess of $50,000.00, or in any sum whatsoever and prays for judgment in its favor, with costs assessed against the plaintiffs.

<u>**COUNT VI**</u>

1-11.    Plaintiff realleges and restates paragraphs 1 through 11 of Count V as and for paragraphs 1 through 1i of Count VI as though fully set forth herein.

**ANSWER:**     TAKATA adopts and reasserts its answers to paragraph 1 through 11 of Count V as and for its answers to paragraphs 1-11 of Count VI as if fully set forth herein.

12.     At all relevant times herein, the 2000 Toyota 4runner that is the subject of this lawsuit had an implied warranty of merchantability and fitness.

**ANSWER:**     TAKATA denies the allegations contained in paragraph 12 of Count VI of the plaintiff's complaint.

- 16 -

13.     On or about October 12, 2006, and at all relevant times before, the Defendants breached their implied warranty of merchantability when it designed and manufactured the 2000 Toyota 4runner and that it was unfit for reasonable and ordinary use.

**ANSWER:**     TAKATA denies the allegations contained in paragraph 13 of Count VI of the plaintiff's complaint.

14.     As a direct and proximate result of the breach of warranty of merchantability and fitness, by defendants, the 2000 Toyota 4runner rolled over and the Plaintiff suffered severed and permanent injuries, past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and other losses flowing from her injuries.

**ANSWER:**     TAKATA denies the allegations contained in paragraph 14 of Count VI of the plaintiff's complaint.

WHEREFORE, this defendant, TAKATA CORPORATION, denies that the plaintiff, SHARON CATINO, is entitled to judgment in excess of $50,000.00, or in any sum whatsoever and prays for judgment in its favor, with costs assessed against the plaintiffs.

## AFFIRMATIVE DEFENSES

### First Defense

TAKATA alleges that Plaintiff's Complaint, in whole or in part, fails to state a claim against TAKATA upon which relief can be granted.

### Second Defense

TAKATA alleges that plaintiff's injuries were proximately caused by the superseding and/or intervening conduct, intentional acts or negligent acts of third persons over whom TAKATA had no

control.  Specifically, TAKATA alleges that the negligent acts of Mary Beth Odea or other unnamed

parties herein, were the sole proximate cause, or a contributing cause, of plaintiff's injuries and

damages.  Plaintiff's recovery, if any, should therefore be diminished or barred in accordance with

the applicable law.

### Third Defense

TAKATA alleges that plaintiff's claims are barred by comparative and/or contributory

negligence on the part of plaintiff Sharon Catino.

### Fourth Defense

TAKATA alleges that plaintiff's injuries and damages were caused by a misuse and/or

substantial alteration of the product.

### Fifth Defense

TAKATA alleges that plaintiff assumed the risk of injury.

### Sixth Defense

TAKATA alleges that plaintiff failed to mitigate her losses or damages.

### Seventh Defense

TAKATA alleges that there exists no proximate cause between any alleged act, omission, or

breach of duty by TAKATA and Plaintiff's alleged damages or losses, if any.

### Eighth Defense

TAKATA alleges that the product conformed to state of the art for design and manufacture

existing at the time, including all applicable industry and federal safety standards.

### Ninth Defense

TAKATA alleges that plaintiff's claims and causes of action, in whole or in part, are preempted by provisions of federal law.

### Tenth Defense

TAKATA alleges that plaintiff's claims for relief are barred, in whole or in part, by the applicable statute of limitation, including but not limited to the statute of limitation found in 810 ILCS 5/2-725.

### Eleventh Defense

TAKATA alleges that in the event that it is found to be at fault in any manner that proximately contributed to cause any injury to Sharon Catino, that fault is less than twenty-five percent (25%) of the total fault, including the fault of any other named defendant and any third parties who could have been sued, including but not limited to the estate of Mary Beth Odea, deceased.  Accordingly, TAKATA alleges that it would be severally liable, if at all, to the plaintiff for any alleged damages, pursuant to 735 ILCS 5/2-1117.

### Twelfth Defense

TAKATA reserves the right to amend its answer to add any additional affirmative defenses or other defenses as additional information becomes available.

Respectfully submitted,

TAKATA CORPORATION

By:     s/Charles S. Ofstein_____
        One of its attorneys
        Mark H. Boyle (ARDC #6200934)
        Charles S. Ofstein (ARDC #6280741)
        DONOHUE BROWN MATHEWSON & SMYTH LLC

140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909

080288.74

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SHARON CATINO,

        Plaintiff,

   v.

TOYOTA MOTOR CORPORATION, a
foreign corporation; TOYOTA MOTOR
SALES, U.S.A., INC., a California
corporation; TAKATA CORPORATION, a
foreign corporation; and TK HOLDINGS
INC., a Michigan corporation,

        Defendants.

No.   08 cv 02997

Judge Robert M. Dow, Jr.

Magistrate Judge Jeffrey Cole

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2008, I filed Defendant Takata Corporation's Answer and Affirmative Defenses To Plaintiff's Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Steven W. Burrows       sburrows@anesilaw.com

DONOHUE BROWN MATHEWSON & SMYTH LLC

s/Charles S. Ofstein
Mark H. Boyle (ARDC #6200934)
Charles S. Ofstein (ARDC #6280741)
Victoria Dizik (ARDC #6284122)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn, Suite 800
Chicago, IL 60603
Telephone:    (312) 422-0900 / Facsimile:  (312) 422-0909