080288.76

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SHARON CATINO,

               Plaintiff,

     v.

TOYOTA MOTOR CORPORATION, a foreign corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation; TAKATA CORPORATION, a foreign corporation; and TK HOLDINGS INC., a Michigan corporation,

               Defendants.

No.  1:08-cv-02997

Judge Robert M. Dow, Jr.

Magistrate Judge Jeffrey Cole

## DEFENDANT TOYOTA MOTOR CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES defendant, TOYOTA MOTOR CORPORATION ("TMC"), by and through its attorneys in this regard, Mark H. Boyle, Charles S. Ofstein, Victoria Dizik and DONOHUE BROWN MATHEWSON & SMYTH LLC, and answers plaintiff's complaint as follows:

### COUNT I

1.     That on October 12, 2006, the Plaintiff, SHARON CATINO, was a passenger in a 2000 Toyota 4runner being operated in a easterly direction on Interstate 88, at or near mile marker 36.5, in the township of Colonia, County of Whiteside, and State of Illinois.

**ANSWER:**    This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Count I of the plaintiff's complaint, and therefore said allegations are denied.

2.     Defendant Toyota Motor Corporation is and was at all times stated herein a foreign corporation that has its principal place of business in Tokyo, Japan. Toyota Motor Corporation is

organized and existing under the laws of Japan for the purposes of designing, preparing, manufacturing advertising, distributing, supplying and/or selling a certain product and/or its appurtenances, commonly known as the 2000 Toyota 4runner that is the subject of this lawsuit. Toyota Motor Corporation did design, manufacture and market the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, that is the subject of this lawsuit. Toyota Motor Corporation is not organized or existing under the laws of Illinois or any state of the United States. Toyota Motor Corporation is subject to service of process pursuant to the dictates of the Hague Convention through the minister of foreign affairs, 2-2-1, Kasumigaseki, Chiwoda, Ku, Tokyo 100, Japan.

**ANSWER:** TMC admits that it is and was at the time this action was filed a foreign corporation with its principal place of business in Japan. TMC admits that it designed in part and manufactured in part motor vehicles, including the subject 2000 Toyota 4Runner, VIN JT3HN86R8Y0265788. TMC further admits that it is subject to service of process pursuant to the requirements of the Hague Convention. TMC denies all remaining allegations contained in paragraph 2 of Count I of the plaintiff's complaint.

3.    Defendant Toyota Motor Sales, USA, Inc., is and was at all times stated herein a corporation organized and existing under the laws of the State of California with its principal place of business in Torrance California, and qualified to do business in the State of Illinois. Toyota Motor Sales, USA, Inc., is organized and existing under the laws of California for the purpose of designing, preparing, manufacturing, advertising, distributing, supplying and/or selling motor vehicles such as the 2000 Toyota 4runner that is the subject of this lawsuit. Toyota Motor Corporation did design, prepare, manufacture, advertise, distribute, supply and/or sell the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788 that is the subject of this lawsuit.

**ANSWER:**     This defendant makes no answer to paragraph 3 of Count I of the plaintiff's complaint because it does not apply to this defendant.  To the extent that any of the allegations contained therein are deemed to be directed to this defendant, they are denied.

4.     On or about October 12, 2006, the 2000 Toyota 4runner that Plaintiff was a passenger in rolled several times, causing Plaintiff to suffer severe and permanent injuries. Plaintiff was properly wearing her available seat belt at all relevant times before and during the rollover.

**ANSWER:**     This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count I of the plaintiff's complaint, and therefore said allegations are denied.

5.     The 2000 Toyota 4runner was designed, tested, manufactured, assembled, marketed, sold and placed in the stream of commerce by Defendants, Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc., hereinafter referred to as Defendants.

**ANSWER:**     TMC admits that it designed in part, manufactured in part, and assembled in part motor vehicles, including the 2000 Toyota 4Runner vehicles that were ultimately sold in the United States.  TMC also admits that Toyota Motor Sales, U.S.A., Inc. ("TMS") sold Toyota motor vehicles to authorized dealerships within certain geographic locations in the United States and that TMS engaged in certain marketing activities.  TMC denies the remaining allegations in paragraph 5 of Count I of the plaintiff's complaint.

6.     At all times material to this cause of action, Defendants were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing, distributing and selling motor vehicles, including the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, for use throughout the United States.

**ANSWER:**    TMC admits that it designed in part, manufactured in part, and assembled in part motor vehicles including a 2000 Toyota 4Runner, VIN JT3HN86R8Y0265788.  TMC also admits that TMS sold Toyota motor vehicles to authorized dealerships within certain geographic locations in the United States and that TMS engaged in certain marketing activities.  TMC denies the remaining allegations in paragraph 6 of Count I of the plaintiff's complaint.

7.    Defendants designed, tested, approved, manufactured, assembled, supplied, marketed, distributed and sold the 2000 Toyota 4runner, VIN JT3HN86R8Y0265788, and its components, including, but not limited to the front seat belt system, front passenger seat, and occupant restraint system.

**ANSWER:**    TMC admits that it designed in part, manufactured in part, and assembled in part motor vehicles including a 2000 Toyota 4Runner, VIN JT3HN86R8Y0265788.   TMC also admits that TMS sold Toyota motor vehicles to authorized dealerships within certain geographic locations in the United States, including a 2000 Toyota 4Runner, VIN JT3HN86R8Y0265788 and that TMS engaged in certain marketing activities.  TMC denies the remaining allegations in paragraph 7 of Count I of the plaintiff's complaint.

8.    At all times during the design, manufacture, distribution and customer usage of the vehicle in question, the Defendants, and each of them, had a duty to design, manufacture, assemble, supply, market distribute and sell a vehicle and all its component parts that was free from unreasonably dangerous defects.

**ANSWER:**    TMC makes no answer to the allegations contained in paragraph 8 of Count I of the plaintiff's complaint because the allegations are legal conclusions to which no answer is

required.  To the extent an answer is required, this defendant denies the allegations contained in Paragraph 8 of Count I of the plaintiff's complaint.

9.    At the time the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design, marketing and manufacture.

**ANSWER:**    TMC denies the allegations contained in paragraph 9 of Count I of the plaintiff's complaint.

10.    At the time the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design due to its defective and unreasonably dangerous and defective passenger restraint/seat belt system and due to its handling and stability defects which made it unreasonably prone to rollover during a foreseeable maneuver such as the one exercised in the vehicle in question on the date of the accident that is the subject of this lawsuit.

**ANSWER:**    TMC denies the allegations contained in paragraph 10 of Count I of the plaintiff's complaint.

11.    The 2000 Toyota 4runner as designed and manufactured was defective and unreasonably dangerous in that it is susceptible to massive structural failure in the event of a foreseeable rollover. The 2000 Toyota 4runner's occupant compartment, the seat belt restraint system, including but not limited to the seat belt system and seat system, was inadequate to reasonably protect occupants from foreseeable crash forces in a rollover accident.

**ANSWER:**    TMC denies the allegations contained in paragraph 11 of Count I of the plaintiff's complaint.

12.     The 2000 Toyota 4runner's design failed to integrate its various components such as the side structures, roof structure, seat belt system, seats and related components, interior, and occupant compartment structure in such a way that would reasonably protect occupants in a rollover accident, despite the fact that Defendants, and each of them, were aware that these systems need to be designed to work together to protect occupants in a rollover accident.

**ANSWER:**     TMC denies the allegations contained in paragraph 12 of Count I of the plaintiff's complaint.

13.     The 2000 Toyota 4runner's design failed to include electronic stability control that would reasonably protect occupants and prevent rollover accidents, despite the fact that Defendants, and each of them, were aware that this stability control system was necessary to protect occupants and prevent rollover accidents.

**ANSWER:**     TMC denies the allegations contained in paragraph 13 of Count I of the plaintiff's complaint.

14.     The aforementioned dangerous conditions were a producing and proximate cause of the accident that is the subject of this suit, the injuries to and damages sustained by the Plaintiff.

**ANSWER:**     TMC denies the allegations contained in paragraph 14 of Count I of the plaintiff's complaint.

15.     Aside from normal wear and tear, the 2000 Toyota 4runner that is the subject of this lawsuit was in the same defective condition at the time of the accident as when the Defendants, and each of them, designed, manufactured, sold and/or placed it into the stream of commerce.

**ANSWER:**     TMC denies the allegations contained in paragraph 15 of Count I of the plaintiff's complaint.

16.   The 2000 Toyota 4runner was expected to reach and, in fact, did reach the user or consumer without substantial change in the condition in which it was sold.

**ANSWER:**   This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Count I of the plaintiff's complaint, and therefore said allegations are denied.

17.   It was foreseeable to Defendants, and each of them, that the 2000 Toyota 4runner could and would be operated in such a manner that it would be involved in a rollover as occurred in the accident that is the subject of this lawsuit.

**ANSWER:**   This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of Count I of the plaintiff's complaint, and therefore said allegations are denied.

18.   A safer alternative design was economically and technologically feasible at the time the product left the control of Defendants that would have prevented or significantly reduced the risk of injury without substantially impairing the utility of said product.

**ANSWER:**   TMC denies the allegations contained in paragraph 18 of Count I of the plaintiff's complaint.

19.   It was foreseeable to Defendants, and each of them, that occupants, such as Plaintiff, would sustain serious injuries during a rollover accident in which a 2000 Toyota 4runner experienced structural failure.

**ANSWER:**   TMC makes no answer to the allegations contained in paragraph 19 of Count I of the plaintiff's complaint because the allegations are legal conclusions to which no answer is

required.  To the extent an answer is required, this defendant denies the allegations contained in Paragraph 19 of Count I of the plaintiff's complaint.

20.     Defendants, and each of them, are strictly liable to the Plaintiff for the injuries and damages caused by defects and inadequacies in the design and manufacture of the 2000 Toyota 4runner.

**ANSWER:**     TMC makes no answer to the allegations contained in paragraph 20 of Count I of the plaintiff's complaint because the allegations are legal conclusions to which no answer is required.  To the extent an answer is required, this defendant denies the allegations contained in Paragraph 20 of Count I of the plaintiff's complaint.

21.     At all times material to this cause of action, Defendants, and each of them, were in the business of designing, testing, approving, manufacturing, assembling, supplying, marketing, distributing, selling and supplying seat belt restraint systems, seats, occupant compartments, side window glass, and electronic stability control, for installation in motor vehicles, including the 2000 Toyota 4runner.

**ANSWER:**     TMC admits that it designed in part, manufactured in part, and assembled in part motor vehicles, including the 2000 Toyota 4Runner vehicles that were ultimately sold in the United States.  TMC also admits that TMS sold Toyota motor vehicles to authorized dealerships within certain geographic locations in the United States and that TMS engaged in certain marketing activities.  TMC denies the remaining allegations contained in paragraph 21 of Count I of the plaintiff's complaint.

22.     Defendants, and each of them, designed, tested, approved, manufactured, marketed assembled, supplied, distributed, and sold the seat belt system, seats, occupant compartment, side

window glass, and electronic stability control, in the 2000 Toyota 4runner that is the subject of this lawsuit.

**ANSWER:**    TMC admits that it designed in part, manufactured in part, and assembled in part motor vehicles, including the 2000 Toyota 4Runner vehicles that were ultimately sold in the United States.  TMC also admits that TMS sold Toyota motor vehicles to authorized dealerships within certain geographic locations in the United States and that TMS engaged in certain marketing activities.  TMC denies the remaining allegations contained in paragraph 22 of Count I of the plaintiff's complaint.

23.    At the time the seat belt system of the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design, marketing and manufacture.

**ANSWER:**    TMC denies the allegations contained in paragraph 23 of Count I of the plaintiff's complaint.

24.    At the time the seat belt system of the 2000 Toyota 4runner was designed, manufactured, sold and/or placed into the stream of commerce by Defendants, it was defective and unreasonably dangerous in its design because it had a defective passenger seatbelt system, had tempered glass, and had a defective occupant compartment, which were a producing and proximate cause, of the injuries to Plaintiff.

**ANSWER:**    TMC denies the allegations contained in paragraph 24 of Count I of the plaintiff's complaint.

25.    The 2000 Toyota 4runner's front seat restraint systems, including their components such as the belt webbing, retractors, anchors, and anchor points, as well as the overall design and

geometry of the systems, were inadequate to reasonably restrain and protect occupants when exposed to foreseeable crash forces in a rollover accident. More specifically, the seat belt system was subject to failure in a foreseeable rollover accident.

**ANSWER:**    TMC denies the allegations contained in paragraph 25 of Count I of the plaintiff's complaint.

26.    The defective and unreasonably dangerous seat belt system was a producing and proximate cause of the injuries to Plaintiff.

**ANSWER:**    TMC denies the allegations contained in paragraph 26 of Count I of the plaintiff's complaint.

27.    The defective and unreasonably dangerous seats, tempered glass, and occupant compartment were a producing and proximate cause of the injuries to the Plaintiff.

**ANSWER:**    TMC denies the allegations contained in paragraph 27 of Count I of the plaintiff's complaint.

28.    The defective and unreasonably dangerous design of the 2000 Toyota 4runner, including but not limited to the failure to include electronic stability control, was a producing and proximate cause of the injuries to the Plaintiff

**ANSWER:**    TMC denies the allegations contained in paragraph 28 of Count I of the plaintiff's complaint.

29.    Aside from normal wear and tear, the seat belt system, seats, occupant compartment, and tempered glass, of the 2000 Toyota 4runner that is the subject of this lawsuit were in the same defective condition at the time of the accident as when Defendants, and each of them, designed, manufactured, sold and/or placed into the stream of commerce.

- 10 -

**ANSWER:**    TMC denies the allegations contained in paragraph 29 of Count I of the plaintiff's complaint.

30.    The seat belt system, seats, occupant compartment and tempered glass, of the 2000 Toyota 4runner was expected by Defendants, and each of them, to reach, and did reach, the user or consumer without substantial change to the condition in which it was sold. Plaintiff was a person who reasonably would be expected to use the seat belt system, seats, and occupant compartment.

**ANSWER:**    This defendant states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of Count I of plaintiff's complaint, and therefore said allegations are denied.

31.    It was foreseeable to Defendants, and each of them, that the seat belt system, seats, and occupant compartment of the 2000 Toyota 4runner could and would be operated in such a manner that it would be involved in a rollover as occurred in the accident that is the subject of this lawsuit.

**ANSWER:**    TMC denies the allegations contained in paragraph 31 of Count I of the plaintiff's complaint.

32.    It was foreseeable to Defendants, and each of them, that occupants, such as Plaintiff, would sustain serious injuries during a rollover accident in which the seat belt system of a 2000 Toyota 4runner experienced structural failure, The defective and unreasonably dangerous condition of the seat belt system, seats and occupant compartment, of the 2000 Toyota 4runner failed to adequately protect Plaintiff and directly and proximately caused her to sustain severe and permanent injuries and disfigurement, both externally and internally, disability and/or loss of a normal life, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and

will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER:**    TMC denies the allegations contained in paragraph 32 of Count I of the plaintiff's complaint.

33.    Defendants, and each of them, are strictly liable to the Plaintiff for injuries caused by defects and inadequacies in the design and/or manufacture of the 2000 4runner and its component parts, including but not limited to the seat belt system.

**ANSWER:**    TMC makes no answer to the allegations contained in paragraph 33 of Count I of the plaintiff's complaint because the allegations are legal conclusions to which no answer is required.  To the extent an answer is required, this defendant denies the allegations contained in Paragraph 33 of Count I of the plaintiff's complaint.

34.    Prior to the date of the occurrence that is the subject of this lawsuit, Defendants introduced electronic stability control and/or vehicle stability control systems to enhance active safety. This system is designed to prevent, and actually does prevent, the exact type of occurrence that Plaintiff suffered.

**ANSWER:**    TMC admits that prior to October 12, 2006, it designed in part, manufactured in part and assembled in part certain vehicles that were equipped with Vehicle Stability Control ("VSC").  TMC denies the remainder of the allegations contained in paragraph 34 of Count I of the plaintiff's complaint.

35.    The 2000 Toyota 4runner was defectively designed in that Toyota failed to incorporate an electronic stability control system and/or vehicle stability control system on the 2000 Toyota 4runner. Had the 2000 Toyota 4runner been equipped with an electronic stability control system and/or vehicle stability control system, the incident that is the subject of this lawsuit would not have happened and Plaintiff would not have been injured. The failure by Defendants to put an electronic stability control system and/or vehicle stability control system on the 2000 Toyota 4runner proximately caused Plaintiff's injuries and damages.

**ANSWER:**    TMC denies the allegations contained in paragraph 35 of Count I of the plaintiff's complaint.

**WHEREFORE**, this defendant, TOYOTA MOTOR CORPORATION, denies that the plaintiff, SHARON CATINO, is entitled to judgment in excess of $50,000.00, or in any sum whatsoever and prays for judgment in its favor, with costs assessed against the plaintiff.

## COUNT II

1.    That on and prior to October 12, 2006, Defendants TOYOTA MOTOR CORPORATION and TOYOTA MOTOR SALES, U.S.A., INC., were in the business of supplying motor vehicles for use on public roadways. Defendants held themselves out as having special expertise in the industry. As such, Defendants owed Plaintiff a duty to use reasonable care in the design, manufacture, preparation, testing, instructing and warnings surrounding the 2000 Toyota 4runner and its components. Defendants violated this duty by supplying a vehicle and components that were defective.

**ANSWER:**    TMC admits that it designed in part, manufactured in part, and assembled in part motor vehicles, including the 2000 Toyota 4Runner vehicles that were ultimately sold in the

United States.  TMC also admits that Toyota Motor Sales, U.S.A., Inc. ("TMS") sold Toyota motor vehicles to authorized dealerships within certain geographic locations in the United States and that TMS engaged in certain marketing activities.  TMC denies the remaining allegations contained in paragraph 1 of Count II of the plaintiff's complaint.

2.    Defendants had a duty to design the 2000 Toyota 4runner to ensure that essential structural components would not fail during foreseeable accidents.

**ANSWER:**    TMC makes no answer to the allegations contained in paragraph 2 of Count II of the plaintiff's complaint because the allegations are legal conclusions to which no answer is required.  To the extent an answer is required, this defendant denies the allegations contained in Paragraph 2 of Count II of the plaintiff's complaint.

3.    Defendants had a duty to design the 2000 Toyota 4runner to provide reasonable crashworthiness protections to occupants in the event of a rollover accident.

**ANSWER:**    TMC makes no answer to the allegations contained in paragraph 3 of Count II of the plaintiff's complaint because the allegations are legal conclusions to which no answer is required.  To the extent an answer is required, this defendant denies the allegations contained in Paragraph 3 of Count II of the plaintiff's complaint.

4.    Defendants had a duty to design and manufacture the 2000 Toyota 4runner with reasonable handling and stability mechanisms, including but not limited to electronic stability control.

**ANSWER:**    TMC makes no answer to the allegations contained in paragraph 4 of Count II of the plaintiff's complaint because the allegations are legal conclusions to which no answer is

required.  To the extent an answer is required, this defendant denies the allegations contained in Paragraph 4 of Count II of the plaintiff's complaint.

5.    Defendants had a duty to design the seat belt system to provide reasonable protection to occupants in the event of a rollover accident, such as occupants involved in a 2000 Toyota 4runner rollover accident.

**ANSWER:**    TMC makes no answer to the allegations contained in paragraph 5 of Count II of the plaintiff's complaint because the allegations are legal conclusions to which no answer is required.  To the extent an answer is required, this defendant denies the allegations contained in Paragraph 5 of Count II of the plaintiff's complaint.

6.    Defendants negligently designed, tested, manufactured, marketed, distributed, sold and supplied the seat belt system and its components in that it failed to exercise reasonable care to prevent the seatbelt system and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner.

**ANSWER:**    TMC denies the allegations contained in paragraph 6 of Count II of the plaintiff's complaint.

7.    Defendants breached their duty to design the seatbelt system to provide reasonable protection to occupants in a rollover accident, such as 2000 Toyota 4runner occupants involved in 2000 Toyota 4runner rollover accidents.

**ANSWER:**    TMC denies the allegations contained in paragraph 7 of Count II of the plaintiff's complaint.

8.    Defendants negligently designed, tested, approved, manufactured, marketed, distributed and sold the 2000 Toyota 4runner and its components in that it failed to exercise

reasonable care to prevent the 2000 Toyota 4runner and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected and reasonably foreseeable manner.

**ANSWER:**    TMC denies the allegations contained in paragraph 8 of Count II of the plaintiff's complaint.

9.    The Defendants were negligent in that they:

(a)    Negligently designed the vehicle from a handling and stability standpoint;

(b)    Negligently failed to test the vehicle to ensure the design could withstand reasonably foreseeable steering inputs without having a propensity to suffer two wheel lift and rollover;

(c)    Failed to disclose known problems and defects concerning both the handling and stability defects as well as the defective roof structure;

(d)    Negligently marketed the vehicle as a safe passenger vehicle;

(e)    Failed to meet or exceed Internal Corporate Design Guidelines and internal acceptance criteria;

(f)    Negligently designed the vehicle from a marketing standpoint;

(g)    Failed to comply with applicable and necessary Federal Motor Vehicle

(h)    Failed to notify consumers as required by law that a defect exists in the vehicle as it relates to public safety;

(i)    Failed to recall the vehicle or alternatively, retrofit the vehicle to enhance safety;

(j)    Failed to design the roof of the 2000 Toyota 4runner that is the subject of this lawsuit to prevent occupants from being seriously injured during a foreseeable vehicle rollover;

(k)    Failed to design the seat belt system of the 2000 Toyota 4runner that is the subject of this lawsuit to prevent occupants from being seriously injured during a foreseeable vehicle rollover;

(l)    Placed the product on the market without adequate warnings about the dangers of the product;

(m)    Failed to adequately test the product to discover the dangerous manner of the product;

- 16 -

(n)     Failed to equip the vehicle that is the subject of this lawsuit with a passenger seat belt system that was not defective, a seat that would not bend or fail, electronic stability control/vehicle control system, and Laminated glass, which Defendants knew or should have known would have prevented the injuries to Plaintiff;

(o)     Failed to equip the vehicle with a safe occupant restraint system which Defendants knew or should have known would have properly contained the Plaintiffs legs and body within the vehicle and prevented the injuries to Plaintiff;

(p)     Failed to equip the vehicle that is the subject of this lawsuit with electronic stability control when the Defendants knew or should have known that said system would have prevented the injuries to the Plaintiff;

(q)     Failed to take action to investigate and correct problems with the product after learning of its risk to cause serious bodily injuries.

**ANSWER:**     TMC denies each and every allegation contained in paragraph 9 of Count II of the plaintiff's complaint, including subparagraphs (a)-(q) thereof.

10.     That on the aforesaid date, the aforesaid product and/or its appurtenances was in use on Interstate 88, mile marker 36.5, in the Township of Coloma, County of Whiteside, and State of Illinois.

**ANSWER:**     TMC states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of Count II of the plaintiff's complaint, and therefore said allegations are denied.

11.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, the said product and/or its appurtenances improperly rolled, and failed to properly contain Plaintiff within the vehicle and failed to properly restrain the Plaintiff, thereby causing injuries to the Plaintiff as hereinafter mentioned.

**ANSWER:**     TMC denies the allegations contained in paragraph 11 of Count II of the plaintiff's complaint.

12.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omission of the Defendants, and each of them, the Plaintiff then and there sustained severe and permanent injuries and disfigurement, both externally and internally, disability and/or loss of a normal life, and was, and will be, hindered and prevented from attending to usual duties and affairs, and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER:**    TMC denies the allegations contained in paragraph 12 of Count II of the plaintiff's complaint.

**WHEREFORE**, this defendant, TOYOTA MOTOR CORPORATION, denies that the plaintiff, SHARON CATINO, is entitled to judgment in excess of $50,000.00, or in any sum whatsoever and prays for judgment in its favor, with costs assessed against the plaintiff.

## COUNT III

1-12.    Plaintiff realleges and restates paragraphs 1 through 12 of Count II as and for paragraphs 1 through 12 of Count III as though fully set forth herein.

**ANSWER:**    TMC adopts and reasserts its answers to paragraph 1 through 12 of Count II as and for its answers to paragraphs 1-12 of Count III as if fully set forth herein.

13.     At all relevant times herein, the 2000 Toyota 4runner that is the subject of this lawsuit had an implied warranty of merchantability and fitness.

**ANSWER:**    TMC denies the allegations contained in paragraph 13 of Count III of the plaintiff's complaint.

- 18 -

14.    On or about October 12, 2006, and at all relevant times before, the Defendants breached their implied warranty of merchantability when it designed and manufactured the 2000 Toyota 4runner and that it was unfit for reasonable and ordinary use.

**ANSWER:**    TMC denies the allegations contained in paragraph 14 of Count III of the plaintiff's complaint.

15.    As a direct and proximate result of the breach of warranty of merchantability and fitness, by defendants, the 2000 Toyota 4runner rolled over and the Plaintiff suffered severed and permanent injuries, past and future pain and suffering, both in mind and body, past and future disability and/or loss of a normal life, past and future disfigurement, past and future medical expenses, past and future lost wages, and other losses flowing from her injuries.

**ANSWER:**    TMC denies the allegations contained in paragraph 15 of Count III of the plaintiff's complaint.

**WHEREFORE**, this defendant, TOYOTA MOTOR CORPORATION, denies that the plaintiff, SHARON CATINO, is entitled to judgment in excess of $50,000.00, or in any sum whatsoever and prays for judgment in its favor, with costs assessed against the plaintiff.

## COUNT IV

This defendant makes no answer to Count IV of the plaintiff's complaint because it does not apply to this defendant.  To the extent that any of the allegations contained therein are deemed to be directed to this defendant, they are denied.

## COUNT V

This defendant makes no answer to Count V of the plaintiff's complaint because it does not apply to this defendant.  To the extent that any of the allegations contained therein are deemed to be directed to this defendant, they are denied.

## COUNT VI

This defendant makes no answer to Count VI of the plaintiff's complaint because it does not apply to this defendant.  To the extent that any of the allegations contained therein are deemed to be directed to this defendant, they are denied.

## AFFIRMATIVE DEFENSES

### First Defense

TMC alleges that Plaintiff's Complaint, in whole or in part, fails to state a claim against TMC upon which relief can be granted.

### Second Defense

TMC alleges that plaintiff's injuries were proximately caused by the superseding and/or intervening conduct, intentional acts or negligent acts of third persons over whom TMC had no control.  Specifically, TMC alleges that the negligent acts of Mary Beth Odea or other unnamed parties herein, were the sole proximate cause, or a contributing cause, of plaintiff's injuries and damages.  Plaintiff's recovery, if any, should therefore be diminished or barred in accordance with the applicable law.

### Third Defense

TMC alleges that plaintiff's claims are barred by comparative and/or contributory negligence on the part of plaintiff Sharon Catino.

### Fourth Defense

TMC alleges that plaintiff's injuries and damages were caused by a misuse and/or substantial alteration of the product.

### Fifth Defense

TMC alleges that plaintiff assumed the risk of injury.

### Sixth Defense

TMC alleges that plaintiff failed to mitigate her losses or damages.

### Seventh Defense

TMC alleges that there exists no proximate cause between any alleged act, omission, or breach of duty by TMC and Plaintiff's alleged damages or losses, if any.

### Eighth Defense

TMC alleges that the product conformed to state of the art for design and manufacture existing at the time, including all applicable industry and federal safety standards.

### Ninth Defense

TMC alleges that plaintiff's claims and causes of action, in whole or in part, are preempted by provisions of federal law.

### Tenth Defense

TMC alleges that plaintiff's claims for relief are barred, in whole or in part, by the applicable statute of limitation, including but not limited to the statute of limitation found in 810 ILCS 5/2-725.

### Eleventh Defense

TMC alleges that in the event that it is found to be at fault in any manner that proximately contributed to cause any injury to Sharon Catino, that fault is less than twenty-five percent (25%) of

the total fault, including the fault of any other named defendant and any third parties who could have

been sued, including but not limited to the estate of Mary Beth Odea, deceased.  Accordingly, TMC

alleges that it would be severally liable, if at all, to the plaintiff for any alleged damages, pursuant to

735 ILCS 5/2-1117.

### Twelfth Defense

TMC reserves the right to amend its answer to add any additional affirmative defenses or

other defenses as additional information becomes available.

Respectfully submitted,

TOYOTA MOTOR CORPORATION

By:     s/Charles S. Ofstein
        Mark H. Boyle (ARDC #6200934)
        Charles S. Ofstein (ARDC #6280741)
        DONOHUE BROWN MATHEWSON & SMYTH LLC
        140 South Dearborn Street, Suite 800
        Chicago, IL  60603
        Telephone:     (312) 422-0900
        Facsimile:     (312) 422-0909

080288.76

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SHARON CATINO,

        Plaintiff,

    v.

TOYOTA MOTOR CORPORATION, a
foreign corporation; TOYOTA MOTOR
SALES, U.S.A., INC., a California
corporation; TAKATA CORPORATION, a
foreign corporation; and TK HOLDINGS
INC., a Michigan corporation,

        Defendants.

No.  08 cv 02997

Judge Robert M. Dow, Jr.

Magistrate Judge Jeffrey Cole

### CERTIFICATE OF SERVICE

       I hereby certify that on August 25, 2008, I filed Defendant Toyota Motor Corporation's Answer and Affirmative Defenses To Plaintiff's Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

       Steven W. Burrows    sburrows@anesilaw.com

DONOHUE BROWN MATHEWSON & SMYTH LLC

s/Charles S. Ofstein
Mark H. Boyle (ARDC #6200934)
Charles S. Ofstein (ARDC #6280741)
Victoria Dizik (ARDC #6284122)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn, Suite 800
Chicago, IL 60603
Telephone:    (312) 422-0900 / Facsimile:   (312) 422-0909

- 23 -